[No. 2,735.]

ELIZABETH H. LORD v. OLIVE S. HOUGH, AND ASA
D. NUDD, J. B. WOOSTER, AND W. W. KNIGHT,
EXECUTORS OF THE LAST WILL OF CHARLES S. LORD,
DECEASED.

DEED OF GIFT.—A deed of gift of a portion of the community property,
made by the husband, is not void *per se.*

IDEM.—If such deed be made with the intent of defeating the claims of the
wife in the community property, the transaction is tainted with fraud.

IDEM.—In the absence of fraudulent intent, a voluntary disposition of a por-
tion of the community property, reasonable in reference to the whole
amount, may be made by the husband.

IDEM.—The pendency of a suit for divorce does not of itself interrupt the hus-
band's powers in relation to his right of sale of the community property,
although he cannot, with the intent to deprive the wife of her claims, in
anticipation of a divorce, make a voluntary conveyance of any portion of
the community property.

DEED OF GIFT BY HUSBAND TO HIS MOTHER.—A deed of gift of commu-
nity property, of the value of four thousand dollars, made by a husband,
worth one hundred thousand dollars, to his mother, in consideration of love
and affection, is not unreasonable in amount.

IDEM.—If a husband, pending a suit for a divorce, procures his mother to
live with him, and take charge of his infant children, on a promise of
providing for her, and makes her a deed of a portion of the community
property, these circumstances show that he is not actuated by a fraudulent
intent towards his wife in making the deed.

APPEAL from the District Court of the Fourth Judicial
District, City and County of San Francisco.

In the divorce suit spoken of in the opinion, C. S. Lord
obtained a divorce in 1867, and the Court, in its decree,
awarded him the custody of his three infant children, and
decreed that he pay his wife one hundred dollars per month
during her natural life, or in lieu thereof, the sum of ten
thousand dollars, at his election.    Afterwards, and September
21st, 1867, the Court granted the defendant a new trial, and
the plaintiff appealed to the Supreme Court from the order
granting the new trial.    This appeal was pending at the
time of his death.

September 30th, 1867, Lord made the will spoken of in the opinion, in which he devised his property to his executors, to hold in trust; among other things, to pay the sum decreed by the Court to his wife, if the order granting a new trial was reversed, and the judgment remained in force. The will also confided the care and custody of his infant children to his mother.

This action was brought to have the deed of Lord to his mother declared fraudulent and void, and to have the same canceled. The defendant had judgment in the Court below, and the plaintiff appealed.

The other facts are stated in the opinion.

*Quint & Hardy*, for Appellant.

The right of the husband to dispose of the common property is restricted to the ordinary cases of sales for proper consideration. (*In re Buchanan's Estate*, 8 Cal. 507; *Smith v. Smith et al.*, 12 Cal. 224.)

The fact that the suit for divorce was pending placed all the common property in custody of the law, and while it may be conceded for the purposes of this case that the husband might have changed the character of the property—*i. e.*, might have converted lands into money or stocks or securities—it seems to us manifest that the wife would have been entitled at the termination of that action to such a share of all the common property owned when the suit was brought as the Court might then have determined to be proper. (Hittell's Dig., Art. 3574.)

If the husband cannot make a bequest of more than half of the common property, to take effect at his death, by what rule shall we say that he can make a gift to take effect before his death? As we understand the law, the husband is the trustee of the wife, and by authority of the statute is permitted to manage her estate. He may exchange it—may convert her money into lands, or sell her lands for money.

This he may very well do, because the wife may always be able to secure an equivalent for her property. But when the husband undertakes to dispose of her property by gift he is acting in violation of the trust. (*Swaine* v. *Perrine*, 5 John. Ch. 488; *Black* v. *Jones*, 1 A. K. Marshall, 312; *Petty* v. *Petty*, 4 B. Monroe, 215; *Quistet* v. *Quistet*, Wright's Ohio Rep. 492.)

This conveyance was in fraud of the rights of the wife for the following reasons: The husband and wife were living apart from each other, and he was prosecuting a suit against her for a divorce. His conduct towards his wife proved his disposition to injure her. His testamentary disposition of all the community property shows that it was his purpose to deprive her of the whole of the real estate belonging to the community. The attempt to deprive the appellant of the custody of her children shows the animus of the husband in making the conveyance.

*McRae & Rhodes*, for Respondents.

A wife's interest, during the coverture, in the common property, like an heir's, is a mere expectancy. The husband can sell, mortgage, manage, and control it to any extent (barring actual fraud), and the wife has no remedy; error of judgment is no ground for the interference of a Court. (1 Hitt. Dig., Art. 3571, Sec. 9; *Van Dusen* v. *Johnson*, 15 Cal. 310; citing *Grice* v. *Lawrence*, 2 La. An. 226.)

A deed is not void if founded on consideration when it conveys community property, even after suit for divorce has been commenced, provided there be estate enough left to compensate the wife for her half interest in the estate so given away; and this in the face of an express statute law to the contrary. (*Hagerty* v. *Harwell*, 16 Tex. 663.)

We ask this Court to inspect the above case especially. It shows conclusively that the deed of the husband cannot be attacked, even in case of fraud; but the remedy of the

wife is to sue the executors for the amount of the difference, to which by law she would be entitled. (*Monroe* v. *Leigh*, 15 Tex. 579; *Grice* v. *Lawrence*, 2 La. An. 226; *Hagerty* v. *Harwell*, 16 Tex. 663; *Peck* v. *Brummagim*, 31 Cal. 440; *Wright* v. *Hays*, 10 Tex. 130; *Stamler* v. *Coe*, 16 Tex. 663.)

By the Court, NILES, J.:

The plaintiff was the widow of C. S. Lord, deceased. C. S. Lord died in July, 1868, leaving estate of the value of from one hundred thousand to two hundred thousand dollars, all of which was common property of plaintiff and deceased; and a will, appointing the defendants, Wooster, Knight, and Nudd, his executors. On the 7th of April, 1868, Lord conveyed to his mother, Olive S. Hough, one of the defendants, a parcel of land at Menlo Park, containing about six and three quarter acres, and then of the value of about four thousand dollars. The deed purported to be in consideration of natural affection.

Prior to the execution of the deed, C. S. Lord had instituted proceedings for a divorce against the plaintiff, and had obtained, by order of the District Court, the temporary custody of the three infant children of the marriage. This suit was pending when he died.

In November, 1867, he visited his mother, then a resident of the State of New York, and agreed with her that if she would leave her then residence and go to California, and take charge of the children, he would provide liberally for her support. She consented, and came to this State in March, 1868, and from that time had the entire charge and care of the children, and resided upon the premises afterwards conveyed to her.

The plaintiff claims that the conveyance should be decreed to be void, as being voluntary and in derogation of her rights in the common property.

A deed of gift of a portion of the common property by the husband is not void *per se.* If the gift be made with the intent of defeating the claims of the wife in the common property, the transaction would be tainted with fraud. In the absence of such fraudulent intent, a voluntary disposition of a portion of the property, reasonable in reference to the whole amount, is authorized by the statute which gives to the husband the absolute power of disposition of the common property as of his own separate estate. This doctrine was recognized, although not expressly decided, in the cases of *Smith* v. *Smith,* 12 Cal. 225; and *Peck* v. *Brummagim,* 31 Cal. 446.

The pendency of proceedings for a divorce does not, of itself, interrupt the exercise of the husband's powers. The property does not come into the custody of the Court by the institution of the suit. The husband has still the control of it and full power of disposition of it. He is held to equal good faith in all transactions relating to it, as before the commencemnt of the suit. He is subject to the same restrictions in its disposal. He cannot make a voluntary conveyance of any portion of the property with the intent to deprive the wife of her claims, in anticipation of the divorce, any more than he could make such fraudulent disposition in anticipation of her widowhood.

The circumstances surrounding the transaction afford no sufficient evidence of fraudulent intent upon the part of Lord. No inference of such intent can be drawn from the relative values of the land conveyed by him to the defendant, and of the entire property. A gift of four thousand dollars to his mother, by a man worth over one hundred thousand dollars, is certainly not unreasonable in amount. Nor do the terms of the will of Lord show any fraudulent design in the conveyance to the defendant. Whatever

fraudulent intent he may have had at the time he made the will was consummated so far as he could consummate it by the execution of that instrument. We cannot assume that it affected every subsequent act in relation to the property. His intent in making the conveyance must be determined from the circumstances attending that transaction, and the intent evinced by his act of six months before could aid but little in such determination.

On the other hand, the agreed facts show the utmost good faith upon the part of Lord. The care and management of the infant children, which was being exercised by the defendant when the conveyance was made, and which continued thereafter, would constitute a valuable consideration, if it clearly appeared that the property was given in exchange for these services. At least these circumstances are sufficient to show that Lord was not actuated by fraudulent motives in the transaction, but by a laudable desire to make provision for the care of his children, who were dependent upon him for support.

Judgment affirmed.