[No. 8,891. Department One.—March 5, 1885.]

JULIUS CHESTER, APPELLANT, v. XARISSA HILL ET AL., RESPONDENTS.

MORTGAGE — PLEDGE — RELEASE BY PLEDGEE — RIGHTS OF PLEDGOR. — The pledgee of a mortgage held by him as security for a debt of the mortgagee, the mortgagor having notice of the transaction, cannot affect the rights of the mortgagee by accepting a conveyance of the mortgaged premises from the mortgagor, and releasing the mortgage. The consent of the mortgagee is necessary to bind him, and if no such consent is given, he may bring an action to set aside the conveyance and release, and to foreclose the mortgage.

ID.—PLEADING.—The facts entitling the mortgagee to set aside the conveyance and release, and to foreclose the mortgage, constitute but one cause of action.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are sufficiently stated in the opinion of the court.

*Stetson & Houghton,* for Appellant.

There was no misjoinder of causes of action.   It is an established principle of equity, that whenever trust property or pledged property has been improperly transferred by the trustee or pledgee, the *cestui que trust,* or the pledgor, may follow it into the hands of anybody who takes it with notice.   (*Bailey* v. *Inglee,* 2 Paige, 279 ; *Burt* v. *Dennett,* 2 Bro. C. C. 225 ; Story's Eq. Pl., § 155 ; 1 Daniel's Chancery Pr., 247.)   The relief to which the plaintiff is ultimately entitled is a foreclosure of his mortgage.   To perfect such relief it is necessary to set aside the fraudulent release.   The facts entitling him to these several reliefs do not constitute distinct causes of action. (*Herbert* v. *M. L. I. Co.,* 14 Reporter, 198 ; *Yolo* v. *Sacramento,* 36 Cal. 193 ; Code Civil Proc., § 731 ; *Kashaw* v. *Kashaw,* 3 Cal. 322 ; *Bennett* v. *Matson,* 41 Ill. 332 ; *Ponce* v. *McElvy,* 47 Cal. 154 ; *Heinlen* v. *Martin,* 53 Cal. 321 ; *DePeyster* v. *Hasbrouck,* 11 N. Y. 582 ; *Quivey* v. *Baker,* 37 Cal. 465 ; *Russell* v. *Mixer,* 42 Cal. 475 ; *Tisdale* v. *Moore,* 8 Hun. 19 ; *Lattin* v. *McCarthy,* 41 N. Y. 109 ; *Hammond* v. *Cockle,* 2 Hun. 495 ; *Cahoon* v. *Bank of Utica,* 7 N. Y. 488 ; *Gooding* v. *McAllister,* 9 How. Pr. 123 ; *Hillman* v. *Hillman,* 14 How. Pr. 456 ; *People* v. *Tweed,* 63 N. Y. 194 ; *Geery* v. *N. Y. & L. S. Co.,* 12 Abb. Pr. 272 ; *Farwell* v. *Jackson,* 28 Cal. 105.)

*John A. Barham,* for Respondents.

ROSS, J.—The question here is, whether or not the court below erred in sustaining a demurrer to the third amended complaint, to which only Xarissa Hill and H. W. Woodward were made parties defendant.   This complaint charges that on the 18th of December, 1875, one George W. Chester executed to the firm of Toklas, Hahn & Brown, or order, five promissory notes, for the aggregate sum of $2,341.38, bearing interest at the rate of one per cent. per month.   That at that time George W. Chester was the owner and holder of two promissory notes, each for the sum of $3,333.33, with interest at one per cent. per month ; which two notes were executed by defendant Woodward to George W. Chester, or order, on the 6th of December, 1875 one of which matured one year and the other two years after date, and both of which

were secured by a mortgage, executed by Woodward, on a tract of land situated in Kern county. That to secure the payment of his notes to Toklas, Hahn & Brown, George W. Chester assigned to that firm the Woodward note first maturing, as also the mortgage securing its payment. That subsequently, to wit, on or about June 12, 1876, Toklas, Hahn & Brown assigned to the defendant Xarissa Hill the notes executed to them by George W. Chester, and also the Woodward note and mortgage, which they held as security for the payment of said five notes of George W. Chester, and that the assignment was taken by defendant Hill, with notice of the facts. That afterwards, to wit, on or about the 15th day of November, 1876, defendant Woodward executed and delivered to the defendant Hill a conveyance of one-half of the land embraced in the Woodward mortgage, for the " nominal consideration of five thousand dollars," which conveyance was recorded in the office of the recorder of Kern county, and at the same time and for no other consideration than the said conveyance, defendant Hill surrendered to defendant Woodward the Woodward note first maturing, and also executed to Woodward an instrument in writing, purporting to release the Woodward mortgage, in so far as it stood as security for the payment of the Woodward note first maturing, which instrument was thereupon duly recorded in Kern county. That the Woodward note maturing December 6, 1877, was paid at its maturity. That the Woodward note first maturing was never paid, in whole or in part, but that defendants Hill and Woodward, " fraudulently colluding with each other, and with the intent and design to cheat and defraud the said George B. Chester out of the surplus value of the collateral security aforesaid, over the amount due on the five George B. Chester notes aforesaid, and to convert the said surplus to their own use, contrived first to bring about the transfer of the George B. Chester notes and collateral, as aforesaid, to defendant Hill; and then, still in pursuance of the same fraudulent intent and design, contrived that the mortgage should appear satisfied of record, as aforesaid; all of which facts were unknown to said George B. Chester and to the plaintiff at the time, and were not discovered either by said George B. Chester or by plaintiff until some time after the said 15th day of November, 1876. That, as plaintiff is informed

and believes, defendants Hill and Woodward claim to own the aforesaid Woodward land as tenants in common, discharged of the lien of the mortgage aforesaid." The complaint further charges, that before the commencement of this suit George B. Chester assigned all his right, interest and claim in the premises to the plaintiff, and that on the 10th of November, 1879, the plaintiff offered in writing to pay to defendant Hill the amount due on the five George B. Chester notes, and demanded that she deliver to him the Woodward note first maturing, and assign to him the mortgage securing the same; and in default thereof that she, the defendant Hill, pay over to the plaintiff the difference between the amount of the Woodward note first maturing and the amount of the five George B. Chester notes : each of which demands was refused. The prayer of the plaintiff is broad enough to include any and all relief that the nature of the case may admit of.

As the case is presented, the facts alleged must be taken as true. Those facts show that the defendant Hill came rightfully into possession, by assignment, of the five Chester notes, and, as security for their payment, into possession, by assignment, of the Woodward note first maturing, and the mortgage securing the same. These collaterals the defendant Hill rightly held as security for the payment of the five Chester notes. But it is very clear that she had no power to accept from Woodward a deed for an undivided half of the mortgaged premises, and in consideration thereof to surrender to Woodward the Woodward note first maturing. The complaint charges that this was a collusive arrangement between defendants Hill and Woodward, by which they fraudulently sought to cheat the plaintiff's assignor out of the excess of the collateral over the amount due on the five Chester notes. Of course, such an arrangement cannot be permitted to stand. If, after the trial, the facts shall be found to be as alleged, the deed from Woodward to Hill and the release of the mortgage executed by Hill must be cancelled and annulled, the mortgage foreclosed, and the proceeds of the mortgaged premises applied, first, to the costs of the foreclosure ; next, to the amount due upon the five Chester notes ; and the surplus, if any, paid over to the assignee of George B. Chester.

For the respondent, it is said that the demurrer was properly

sustained, because the complaint contains two distinct causes of action, which are not separately stated ; that is to say, " one to set aside the release of the mortgage, the other to foreclose the mortgage." The point is not well taken. The annulling of the release of the mortgage is a necessary preliminary to the foreclosure of the mortgage, but it is not a distinct cause of action which must be separately pleaded. It is one of the elements that go to make up the cause of action. A court of equity does not deal with matters by piecemeal. In the present case, all of the parties in interest are before the court, and the rights of each may be enforced and protected by one decree.

Judgment reversed and cause remanded, with directions to the court below to overrule the demurrer to the third amended complaint.

MCKINSTRY. J., and McKEE, J., concurred.