[No. 11301. Department One. — August 23, 1886.]

A. J. SMITH ET AL., RESPONDENTS, *v.* JAMES B. FURNISH ET AL., EXECUTORS, ETC., OF WILLIAM HICKS, DECEASED, APPELLANTS.

ESTATE OF DECEDENT — SERVICES OF MARRIED WOMAN — CLAIM FOR — PRESENTATION OF — JUDGMENT. — A claim against the estate of a deceased person for services rendered by a married woman while living with her husband is community property, and should be presented to

the personal representatives of the decedent in the name of the husband. But where such a claim, verified by the wife, is presented in her name by the husband, and is rejected, and an action is subsequently brought thereon by the husband and wife, a judgment in favor of the plaintiffs will not be reversed on account of the informality in the manner of the presentation.

ID. — BEQUEST IN PAYMENT OF SERVICES — RENUNCIATION OF BY LEGATEE — ELECTION. — The action was brought to recover the value of services rendered by one of the plaintiffs as nurse to a deceased person. The decedent by his will bequeathed to the plaintiff a sum of money in consideration and in payment for the care and attention of the plaintiff during his last sickness. *Held*, that the action was a renunciation of the bequest, and an election by the plaintiff not to rely upon it as a payment for the services.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*W. H. Beatty*, and *S. C. Denson*, for Appellants.

*Grove L. Johnson*, for Respondents.

Ross, J.—The plaintiff, Emma L. Smith, and her co-plaintiff, A. J. Smith, are husband and wife, and as such resided together in the house of the deceased, William Hicks, during which time Mrs. Smith rendered Hicks services as nurse, for the value of which this suit was brought. It is contended on behalf of the appellants that the claim for the services was not properly presented to the executors of the estate of Hicks. It was verified by Mrs. Smith, and presented in her name by her husband to the executors, and by them rejected. They claim that it should have been verified by the husband, and presented in his name; that the debt due by Hicks was due to A. J. Smith, and that it is indispensable to an action upon it that a claim for the amount should have been duly presented to the executors in *his* name. It does not admit of doubt, we think, that the amount due for the services rendered constituted com-

munity property. It is provided by section 162 of the Civil Code that "all property of the wife owned by her before marriage, and that acquired afterwards by gift, bequest, devise, or descent, with the rents, issues, and profits thereof, is her separate property." And by the next section that "all property owned by the husband before marriage, and that acquired afterwards by gift, bequest, devise, or descent, with the rents, issues, and profits thereof, is his separate property." By section 164 it is declared that "all other property acquired after marriage, by either husband or wife, or both, is community property."

An exception to this last general provision is made in favor of the earnings and accumulations of the wife while she is living separate from her husband, by virtue of section 169 of the Civil Code, which reads: "The earnings and accumulations of the wife, and of her minor children living with her or in her custody, while she is living separate from her husband, are the separate property of the wife." It would be clearly contrary to these provisions of the code to hold that *all* earnings and accumulations of the wife are her separate property. The exception cannot be extended by the courts beyond its fair scope. The provision that the earnings and accumulations of the wife, *while she is living separate from her husband,* are her separate property plainly assumes that such earnings and accumulations as are not so acquired do not constitute the separate property of the wife, but are embraced by the general provisions of section 164, and constitute community property. It is true that by section 168 of the same code it is provided that "the earnings of the wife are not liable for the debts of the husband"; but what should be considered earnings of the wife and what debts of the husband within the true meaning of that section are questions that do not arise in this case.

The debt due from the deceased, Hicks, for the services

rendered him by Mrs. Smith, being the community prop-
erty of Mr. and Mrs. Smith, was there such a presenta-
tion of the claim for the amount to the executors of the
estate of Hicks as would authorize a suit upon its rejec-
tion?

As has been seen, it was verified by the wife, and pre-
sented in her name by the husband.   That the claim
was sworn to by the person best acquainted with the
facts surely cannot be good ground of objection to its
verification.   Undoubtedly, it ought to have been pre-
sented in the name of the husband, since the amount due
constituted community property, but it was presented by
the husband in the name of his wife.   Had the claim been
allowed by the executors, he would have been estopped
from presenting another claim in his own name for the
same services; and having with his wife brought this
suit upon the rejected claim, a recovery thereon would
equally estop him.   A claim for the services, properly
verified, was presented to the executors, who rejected it,
but without objection to the manner of its presentation.
Suit having been brought thereon, plaintiffs proved the
rendition of the services and their value, and recovered
judgment.   Ought the judgment to be reversed only be-
cause the claim was presented to the executors by the
husband in his wife's name instead of his own?   Under
the circumstances of the case, we think not.   The sub-
stantial rights of the estate have not been affected by the
manner of its presentation, and we do not think a just
judgment against it ought to be reversed on that ground.

The only other point relied on by the appellants for a
reversal grows out of the fact that the deceased in his
will made a bequest to Mrs. Smith of three thousand dol-
lars, "in consideration and in payment for her kind care
and attention during my last sickness."   It is said that
the bequest was intended as full compensation for the
services rendered by Mrs. Smith, and that it has not been
renounced.   The answer to this is, that her action in re-

spect to the claim was an election on her part not to rely upon the bequest; and upon the distribution of the estate, the rights of the executors, and of all interested therein, can be properly and appropriately protected.

Judgment and order affirmed.

MYRICK, J., and McKINSTRY, J., concurred.

Hearing in Bank denied.