[S. F. No. 1111. Department One.—December 30, 1898.]

SUN INSURANCE COMPANY, Plaintiff, v. GEORGE E. WHITE et al., Defendants. FRANKIE WHITE, Appellant.

DIVORCE—ALIMONY—LIS PENDENS—DESCRIPTION IN COMPLAINT—ORDER OF COURT—PRIORITY OF MORTGAGE.—The mere description of property in a cross-complaint by the wife in an action for a divorce without any prayer that alimony be charged as a lien thereon, and the mere filing of a notice of *lis pendens*, without any order of the court charging alimony as a lien upon the property, does not give the alimony allowed in the cause any priority over a mortgage given by the husband *pendente lite*, notwithstanding actual notice to the mortgagee of the pendency of the action for divorce and the claim of alimony therein.

ID.—POWER OF HUSBAND PENDING DIVORCE SUIT.—The pendency of proceedings for divorce does not of itself interrupt the exercise of the husband's power of disposition of the community property, or of his separate property, though he is held to good faith in the disposition of it, and cannot make a voluntary conveyance with intent to deprive the wife of her claim.

Id.—Bona Fide Mortgage by Husband.—The husband may make a *bona fide* mortgage of his property pending a suit for divorce, if the money was loaned by the mortgagee and received by the husband without any purpose to hinder, delay, or prevent her from enforcing any claim she might have, or any order the court might make against him, and if no order had then been made charging alimony as a lien upon the property mortgaged.

Id.—Power of Court to Require Security—Construction of Code.—The provisions of section 140 of the Civil Code, that the court may require the husband to give reasonable security for providing maintenance or making any payments required by the provisions of the chapter in which that section is found, and may enforce the same by the appointment of a receiver or by any other remedy applicable to the case, is the only statutory power given upon that subject, and is exclusive of all other modes of acquiring security in favor of a wife seeking maintenance against the property of the husband.

Id.—Interlocutory Decree—Permission of Ordinary Business to Husband—Subsequent Advances upon Prior Mortgage.—Where an interlocutory decree was entered awarding a divorce to the wife and the whole of the community property, and a monthly allowance for maintenance, reserving the right to the wife to apply for a supplemental decree assigning her a sufficient amount for her support out of the separate property of the husband and enjoining the husband from disposing of or encumbering it, except that he was permitted to carry on his usual and ordinary business, such decree did not have the effect to postpone thereto any portion of a mortgage lien to secure a specified amount previously executed by the husband upon his separate property, though the amount was to be advanced to the husband from time to time by the mortgagee, and eight thousand dollars thereof was paid to him after the entry of the decree.

Id.—Power of Insurance Corporation to Loan Money Upon Mortgage.—An insurance company has power to loan money out of its capital and accumulations, and to take a mortgage upon land as security therefor.

Id.—Foreclosure of Mortgage—Payment of Taxes by Mortgagor—Failure of Proof—Remission of Taxes—Modification of Judgment upon Appeal.—In an action by the insurance company to foreclose the mortgage as against the husband and wife, it cannot recover taxes alleged to have been left unpaid by the husband, of which payment no proof was offered upon the trial; and a decree ordering such payment is erroneous, but will be modified upon appeal by the wife, at the cost of the respondent, by ordering the taxes stricken therefrom upon application of the respondent for such modification, instead of a reversal of the judgment.

APPEAL from a judgment of the Superior Court of the City of San Francisco. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

William T. Baggett, Dunne & McPike, Walter H. Linforth, and Johnson, Linforth & Whitaker, for Appellant.

Rhodes & Rhodes, for Sun Insurance Company, Respondent.

HARRISON, J.—Action for the foreclosure of a mortgage executed to the plaintiff by the defendant George E. White. The appellant, Frankie White, was made a defendant under the allegation that she claims an interest in the property which is subordinate to the lien of the plaintiff's mortgage. Judgment was rendered in favor of the plaintiff, and the defendant Frankie White has appealed directly therefrom.

The note and mortgage upon which the action is brought were executed November 1, 1888, and the action was commenced May 19, 1894. In 1885 White commenced an action against the appellant for divorce, in which, in February, 1886, she filed a cross-complaint wherein she asked for permanent alimony and maintenance, and that such portion of the common property as should be proper should be assigned and set apart to her, describing also the lands which are described in the mortgage. It does not appear whether these lands were described as community or separate property, nor does it appear whether the complaint contained a description of any other lands than those described in the mortgage. She also filed in the office of the recorder in the counties in which the lands are situated a notice of the pendency of the action, and the object of her cross-complaint. The court finds that the plaintiff had actual notice before the execution of the note and mortgage of the pendency of the action for divorce, and of the filing and contents of the cross-complaint, and also finds that all of the lands described in the mortgage were the separate property of the husband. In May, 1889, a judgment of divorce was rendered between the parties, and the whole of the community property was awarded to the defendant therein, and at the same time there was reserved for her the right to apply, in case the community property should be insufficient for her support, for a supplemental decree assigning to her a sufficient

amount for her support out of the separate property of her husband, and until such supplemental decree was made she was to receive for her support and maintenance two hundred dollars per calendar month. By the decree the husband was restrained until such supplemental decree should be entered from disposing of or encumbering his property, except that he was permitted to carry on and pursue his usual and ordinary business. A certified copy of this interlocutory decree was served upon the plaintiff May 16, 1889. February 9, 1895, a final decree was rendered in the divorce suit, wherein the court adjudged that the defendant, Frankie White, should have and recover from the plaintiff, George E. White, the sum of one hundred thousand dollars, and that said sum should include all allowances for future maintenance and support, and all allowances for alimony therefore made, except such as was then in arrears. A receiver had been appointed in the action in June, 1894, and, after the entry of final decree, he sold the interest of George E. White in the lands described in the mortgage to Frankie White for the sum of seventy thousand dollars, and in August, 1896, after the confirmation of this sale, executed to her a deed therefor. Upon these facts the appellant contends that she acquired a title to the land superior to that of the plaintiff by reason of its mortgage thereon, and that upon the findings of the court judgment should have been entered in her favor.

We need not consider the effect of filing with the county recorders a notice of the pendency of the action, inasmuch as the court finds that before the execution of the note and mortgage the plaintiff had actual notice of the pendency of the action and of the contents of the cross-complaint. The proposition contended for by the appellant is that her cross-complaint, by virtue of the allegations therein contained, constituted a *lis pendens*, which so affected the property therein described that any person dealing with the same would be bound by whatever judgment or order might be made in reference to the property. Stated in another form, the proposition is, that in an action for a divorce by a wife against her husband, she can, by mere allegations in her complaint, without any order of the court in reference thereto, impress upon the community property, and also upon the separate property of the husband, a charge for the amount of ali-

mony that may eventually be awarded her, which will constitute a lien thereon as of the date of filing her complaint, and that a person thereafter dealing with the husband in good faith, and in the ordinary course of business, who acquires an interest in the property, takes such interest subject to this lien. It is not claimed that there is any statutory provision in support of this proposition, but it is rested upon the legal effect of a *lis pendens*—that a person dealing with property which is at the time the subject of judicial investigation takes it subject to the result of such investigation, and that the claim of the wife to enforce alimony out of specific property brings that property before the court with the same effect.

In *Lord v. Hough,* 43 Cal. 581, it was said: "The pendency of proceedings for divorce does not of itself interrupt the exercise of the husband's powers. The property does not come into the custody of the court by the institution of the suit. The husband has still the control of it, and full power of disposition of it. He is held to equal good faith in all transactions relating to it as before the commencement of the suit. He is subject to the same restrictions in its disposal. He cannot make a voluntary conveyance of any portion of the property, with the intent to deprive the wife of her claim in anticipation of divorce, any more than he could make such fraudulent disposition in anticipation of her widowhood." After an action for divorce has been commenced, the court in which the action is pending has the power to set apart a portion of the community property, or of the separate property of the husband, as a security or fund for the payment of alimony, or to charge the same with its payment, and it may, under proper circumstances, enjoin the husband from alienating or encumbering the property. So, too, a conveyance or encumbrance made by the husband with the intent to deprive the wife of the means of obtaining alimony may be set aside at her instance as fraudulent and void. In the present case, however, the court finds that the transaction between the plaintiff and the husband was *bona fide,* and that the money was loaned by the plaintiff and received by the husband without any purpose or intention to hinder, delay, or prevent her from enforcing any claim she might have, or any order the court might make against him. Section 140 of the Civil Code provides: "The court may

require the husband to give reasonable security for providing maintenance or making any payments required under the provisions of this chapter, and may enforce the same by the appointment of a receiver, or by any other remedy applicable to the case." This is the only statutory power given upon this subject, and, as the Civil Code "establishes the law of this state upon the subjects to which it relates" (sec. 4), it must be held that it is exclusive, and that the wife can have the property of the husband set apart as security for the payment of alimony, or burdened with the charge for her maintenance, only by an order of the court therefor. In the present case, no action was taken by the court until after the execution of the note and mortgage, and, as the court finds that the mortgage was executed in good faith, and for a valid consideration, it must prevail over any title or interest in the land subsequently acquired.

Certain authorities are cited by the appellant in support of her contention, and language is found in some of the opinions therein tending to support her claim. Mr. Freeman also in his treatise on Judgments, section 196, after stating that the doctrine of *lis pendens* is applicable only when the object of the action is to affect specific property, and that the rules pertaining thereto have no application in a suit for divorce and alimony, unless the wife designates in her complaint certain specific property which she seeks to subject to her claim, says: "If the pleadings in a suit for divorce describe specific property in respect to which relief is sought, either by making it chargeable with the payment of alimony, or setting it apart for the use of, or as the property of, one of the parties, or of partitioning or dividing it between them, the doctrines of *lis pendens* apply." (Citing in support thereof some of the same authorities.) But the decisions in the cases cited by the appellant, as well as those cited by Mr. Freeman in support of his statement, will be found upon examination to have been made either by virtue of some statutory provision, or upon the peculiar circumstances of the case before the court. In some of the cases the decision was rendered upon the ground that the complaint alleged that the property therein described constituted all the property out of which alimony could be recovered. In others the husband had been enjoined by the court from disposing of the property pending the action. In *Wilkinson v. El-*

*liott,* 43 Kan. 590, 19 Am. St. Rep. 158, and in *Sapp v. Wight-man,* 103 Ill. 150, the court expressed similar views, but held that they were not applicable to the facts in the case. In *Toler-ton v. Williard,* 30 Ohio St. 579, the decision was placed upon the ground that the wife, in addition to her claim for alimony, had claimed an equitable estate in the land. In *Powell v. Camp-bell,* 20 Nev. 232, 19 Am. St. Rep. 350, the husband suffered default to the wife's claim for the property, and had conveyed it for less than half its value a few days before the hearing of the case. In *Daniel v. Hodges,* 87 N. C. 95, the property had been assigned to the wife pending the suit by an order of the court, and she was in possession at the time it was conveyed by the husband. But without further considering the weight to be given to these authorities, it is enough to say that the appellant has not brought her case within the principles which, under the authorities she cites, would entitle her to a reversal of the judgment. In the jurisdictions where these cases arose she could not claim a priority of right in the land unless she had asked to have certain property which she had specifically described appropriated for the payment of the judgment which she might obtain. In her cross-complaint in the divorce suit she asked judgment for permanent alimony and assigning and setting apart to her "such portion of the common property of the said George E. White and this defendant as should be just and proper," and, although it appears that she specifically described therein the lands mentioned in the mortgage, it does not appear that she asked to have these lands, or any part thereof, set apart as security for her maintenance. Neither does it appear that these are the only lands which were described in her cross-complaint, or that she alleged that they were community property. Her prayer was that the court would set apart "such portion of the community property" as should be just and proper, but the court finds that the lands described in the mortgage were the separate property of the husband, and it does not appear that it was alleged in her cross-complaint that they were community property. The evidence upon which the findings in this respect were made is not before us, and, as all intendments are in support of the judgment of the court below, it may be assumed that the appellant did not specifically describe in her cross-complaint

any property which she asked to have charged with the payment of alimony, and that the description of the property which she gave was merely for the purpose of aiding the court in determining the amount of alimony which she should receive.   In this connection the language of the court in *Sapp v. Wightman,* *supra,* is very apt: "Although the lands are named in the bill, no right is asserted in respect to them, nor are they, or any part of them, asked to be assigned for alimony, or any other relief asked in regard to them—they are mentioned for the apparent purpose of showing the amount of defendant's property as bearing upon the sum to be allowed for alimony."

By an agreement between the plaintiff and George E. White, at the date of the note and mortgage, the amount thereof was to be paid to him at such times and in such sums as might be agreeable to both.   Of the principal sum named in the note about eight thousand dollars was paid after the entry of the interlocutory decree in the divorce suit, and it is contended by the appellant that for this amount the plaintiff's lien should be postponed to hers.   By the interlocutory decree, however, the plaintiff was permitted to pursue and carry on his usual and ordinary business, and in the absence of any evidence to the contrary, it must be held that the receipt by him from the plaintiff of the amount remaining unpaid upon the note that he had previously executed, and the payment thereof by the plaintiff, was within the terms of this exception.   The contention of the appellant that the loan by the plaintiff was *ultra vires* by reason of the fact that it was not made out of its "capital and accumulations," as required by section 427 of the Civil Code, is met by the finding of the court that the moneys loaned by the plaintiff "constituted parts of its capital and accumulations."

The court found that certain taxes upon the lands described in the mortgage were not paid by the mortgagor, and that thereupon the plaintiff paid the same, and the amount thus paid by the plaintiff was included in the judgment.   It is contended by the appellant that there was no evidence before the court that the plaintiff paid any part of the taxes, and, as this assignment of error is admitted by the respondent, the judgment must be reversed.

The court was authorized by the terms of the mortgage to al-

low counsel fees for its foreclosure, and to make the amount a lien upon the land. The mortgage by express terms is given "for the better securing the payment of the said sum of money secured to be paid by the said promissory note, and the other moneys hereinafter mentioned."

The judgment is reversed.

Garoutte, J., and Van Fleet, J., concurred.

The following modification of the above opinion and judgment was filed January 6, 1899:

THE COURT.—Respondent has filed herein a remission of its claim for taxes alleged in the complaint to have been paid by it for the mortgagor upon the lands described in the mortgage, and a consent that the judgment of the superior court be modified by striking out of and deducting therefrom the amounts found by the court to have been paid by the respondent for said taxes, with interest thereon, at the rate mentioned in the mortgage, from the times of payment until the rendition of the judgment. (See *Fox v. Hale etc. Co.*, 122 Cal. 219.)

The judgment heretofore rendered herein is therefore modified by striking therefrom the words "The judgment is reversed," and inserting the following:

"The cause is therefore remanded to the superior court, and that court is directed to modify its judgment by deducting from the amount of eighty-eight thousand eight hundred and sixty-four dollars and forty-seven cents—the amount which the plaintiff is thereby adjudged to have and recover from the defendant George E. White—that portion thereof which was rendered for the several sums found by the court to have been paid by the plaintiff as taxes upon said lands, together with the interest allowed upon said sums; and, as so modified, the judgment shall stand affirmed. The costs of this appeal are to be borne by the respondent."

Hearing in Bank denied.