## SIXTA *et al.* v. HEISER.

1. Plaintiffs sued as heirs of B., because B's executor refused to do so, to recover on a claim due the decedent, making his administrator a party defendant. Judgment was rendered for plaintiffs, and defendants appealed, the administrator being a surety on the bond. Judgment was affirmed and judgment on the undertaking directed the payment of the amount to the administrator. While the judgment remained

in full force, the administrator died, and an administratrix of his estate was appointed, and also an administrator in the original estate. Comp. Laws, § 5791, provides that every claim presented to the administrator must be supported by the affidavit of a claimant. *Held*, that in an action by the heirs of the original decedent against the administratrix of the first administrator, the second administrator was a proper party plaintiff.

2.   Where judgment has been rendered in favor of the heirs of B. against one H, and after the death of H a claim therefor was presented to H's administrator by one of the plaintiffs, a judgment for plaintiffs will not be reversed because the claim was not presented by the administrator instead of the heir, since the administrator was estopped by the judgment from presenting a second claim.

(Opinion filed April 2, 1901.)

Appeal from circuit court, Hutchinson county. HON. E. G. SMITH, Judge

Action by Lottie B. Sixta and others against Minnie Heiser, as adaministratrix of the estate of Fred Heiser, deceased. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

The facts are stated in the opinion.

*Bailey & Voorhees* and *Warren Dimock,* for appellant.

*C. H. Dillon* and *R. B. Tripp,* for respondents.

FULLER, P. J.   In the court below it was "adjudged that the plaintiffs herein have and recover of the defendant, Minnie Heiser, as administratrix of the estate of Fred Heiser, deceased, the sum of $9,030.56, with interest thereon at the rate of 7 per cent. per annum from this date, together with the costs of this action," and the defendant appeals.

The reported decisions of this case disclose that it was determined on appeal in Bem v. Bem, 4 S. D. 138, 55 N. W. 1102, that certain personal property claimed by Emilie Bem, the widow of Frank Bem, deceased, belonged to, and should be distributed as a part of,

the estate of which Fred Heiser was administrator, and who upon the refusal to bring the action, was made a party defendant. Pending that appeal, execution was stayed by an undertaking as required by statute, given by Emilie Bem, now Emilie Shoemaker, with Fred Heiser as one of the sureties; and upon such instrument an action was brought by the children of the deceased, Lottie B. Bem, now Lottie B. Sixta, Frank J. Bem and Arthur Bem, against the obligors above named; and on appeal to this court from an order sustaining a demurrer interposed by the defendants, the complaint in such action was held good, and the case remanded for further proceedings. Bem. v. Shoemaker, 7 S. D. 510, 64 N. W. 544. Thereafter a trial of the cause upon its merits in the circuit court resulted in a judgment in favor of these children against their stepmother, Emilie, and Heiser, the administrator and surety of the undertaking, by which execution of the former judgment was stayed. On appeal to this court from the judgment on such undertaking, it was held that questions decided on former appeals became the law of the case; that the refusal of the administrator to sue in the first instance qualified the heirs to bring the action; that such refusal, and the fact of his becoming a surety on the apeal bond, were sufficient to sustain a finding that he refused to institute a suit thereon, and throughout the entire litigation the controversy was properly between the children of Bem, deceased on one side, and Emilie and the administrator on the other. The judgment on the undertaking, as modified in this court, directed the payment of the entire amount thereof to the administrator of the estate of Frank Bem, deceased, to be distributed in the due course of administation. Bem v. Shoemaker, 10 S. D. 453, 74 N. W. 239. While this judgment, obtained at the suit of the children, remained in full force and unsatisfied, Fred Heiser died intestate. Minnie Heiser was appointed administratrix of his estate, and W.

B. White in his stead as the administrator of the estate of Frank Bem, deceased. Before bringing this suit, in which W. B. White, as administrator, is joined with them as a party plaintiff, these judgment creditors presented to Minnie Heiser, administratrix of the estate of her husband, Fred Heiser, the judgment debtor, proof of claim for the amount adjudged to be due; and the contention is that the administrator is the only person having authority to make such presentation, and that there is a misjoiner of parties plaintiff.

Section 5791 of the Compiled Laws provides that "every claim which is due when presented to the administrator must be supported by the affidavit of the claimant, or some one in his behalf," and it is conceded upon the record that proof as presented is regular and in every way sufficient, provided the same can be made by any person not the administrator of the estate of Frank Bem, deceased. For the reason that such administrator was hostile to the interests of the children, they were permitted to maintain an action against him, and recover the judgment made the basis of their claim; and, while the proceeds must be paid over to the administrator for the use and benefit of the estate, they are, under the circumstances of this case, lawful claimants, and the present administrator, who will receive the money, is a proper, if not anecessary, party to the action. Were it conceded that the administrator should have presented the claim, by the recovery thereon in this action, instituted by himself and the children, he is estopped from presenting another claim on account of the same judgement; and, in the absence of injury to anyone, a reversal would not follow. Smith v. Furnish, 70 Cal. 424,12 Pac. 392. The record discloses no error, and the judgment appealed from is affirmed.