[S. F. No. 1786.   Department Two. — November 29, 1901.]

FRANKIE WHITE, Plaintiff, Respondent, v. JOHN H. WISE and GEORGE E. WHITE, Defendants. JOHN H. WISE, Appellant.

INJUNCTION AGAINST DISPOSITION OF HUSBAND'S PROPERTY — EXCEPTION OF "ORDINARY BUSINESS" — DEED IN GOOD FAITH TO PAY DEBT — PRESUMPTION. — An injunction restraining the defendant in a divorce suit from disposing of his property, real or personal, pending the suit, excepting that he was permitted to carry on his usual and ordinary business, will, in the absence of proof to the contrary, be presumed to include within the exception of "ordinary business" a conveyance made in good faith by the defendant to pay an honest debt, of long standing, to a creditor, who accepted the same in good faith, in satisfaction of his demand.

ID. — SPECIFIC FINDINGS — INCORRECT CONCLUSION OF LAW — VIOLATION OF INJUNCTION — RIGHT TO JUDGMENT. — In an action involving the validity of such deed, where the court made specific findings as to the absence of fraud, and as to the good faith of the parties to the conveyance made and taken in satisfaction of such debt, a further finding made, that the transaction was not in the ordinary course of business, and was in violation of the injunction, and void, must be regarded as of a mere conclusion of law incorrectly drawn from the specific facts found, and inconsistent therewith, and the holder of the deed is entitled to judgment upon the findings.

APPEAL from a judgment of the Superior Court of Mendocino County. J. M. Mannon, Judge.

The facts are stated in the opinion of the court and in the former decisions therein referred to.

Seawell & Pemberton, for Appellant.

Johnson, Linforth & Whitaker, W. H. Linforth, W. T. Baggett, and J. Q. White, for Respondent.

THE COURT. — This suit was brought to quiet the plaintiff's title to the land in controversy, as against a deed executed by the defendant White to the defendant Wise, of date April 5, 1893, at which time, it is admitted, the former was the owner of the land described in the deed. The plaintiff, who is the divorced wife of the defendant White, deraigns title to the same land under a sale subsequently made to her by the receiver in a former suit, in which the defendant White was plaintiff and

she defendant, which sale was confirmed by the court, May 5, 1896, and followed by a deed conveying to her "all the right, title, and interest of said George E. White in and to the lands . . . sold . . . by the said receiver to this plaintiff, including the premises described in the complaint." The court held that the deed of White to Wise was in contravention of an injunction contained in the interlocutory judgment in the case referred to, by which the plaintiff (now defendant) was enjoined, pending the suit, from disposing of or encumbering his separate property, real or personal, or any part thereof, with the exception "that plaintiff [should] be permitted to pursue and carry out his usual and ordinary business." The terms of this decree are more fully given in the reports of the several cases in which it has been before this court for consideration. ( *White* v. *White,* 86 Cal. 219; *Petaluma Sav. Bank* v. *Superior Court,* 111 Cal. 488; *Sun Ins. Co.* v. *White,* 123 Cal. 196.)

On the trial, the case was dismissed as to the defendant White, and as to the defendant Wise it was adjudged that his deed from White was void for the reason stated, and that the plaintiff was owner of the land in controversy. This judgment must rest for its justification on the truth of two propositions, namely: 1. That the receiver's sale was valid, and his deed effectual to convey to the plaintiff the title of White; and 2. That the deed from White to Wise was void, or at least voidable.

For the purposes of this consideration the soundness of the first proposition may be conceded, though it should be understood that the concession is in no respect a determination of the question; for that determination becomes unnecessary in view of the conclusion reached and hereinafter expressed,— namely, that the deed of White to Wise is a valid operative conveyance of title.

With regard to the defendant's title, the case presented is this: It is, in effect, alleged in the complaint, in addition to the proceedings in the case of *White* v. *White,* above set forth, that the conveyance from White to Wise was made for the purpose of cheating and defrauding the plaintiff, by preventing the premises conveyed from being taken possession of by the receiver, or from being otherwise applied to the satisfaction of any judgment that might be obtained by the plaintiff, and that the deed was the result of a conspiracy entered into by White and Wise for such purposes. But the court found that all these allega-

tions were untrue, and, as alleged in the answer, that White was at the date of the deed, and for some years prior thereto had been, indebted to the plaintiff in the sum of three thousand two hundred dollars, and was without means of paying the debt, otherwise than by disposing of property for that purpose, and that the deed was made in satisfaction of this indebtedness.

It was also alleged in the defendant's answer that the conveyance "was made and accepted in good faith, . . . and solely and only for the purpose of securing" the payment of his debt; and though there is no express finding on this allegation, this, in view of the findings on the issue of fraud, must be presumed to have been the case. (Code Civ. Proc., sec. 1963, subd. 1.) It is, indeed, found that the conveyance was taken with full knowledge of the existence of the injunction, and "in disregard and violation thereof," and that "the effect [of the deed] was and is to prevent, hinder, and delay" the plaintiff in enforcing her judgment; and it is further found "that the making . . . of said instrument was not within the usual or ordinary business of said George E. White." But neither of these findings is inconsistent with the good faith of the defendant in taking the deed; and in view of the findings upon the issue of fraud; and the absence of any finding on the defendant's express allegation that the deed was taken in good faith solely for the purpose of securing the payment of his debt, it must be presumed that such was the case. Otherwise it would be necessary to reverse the judgment for lack of a finding on this point.

With regard to the finding that the making of the deed "was not within the usual or ordinary business of . . . White," it is objected — as was in fact the case — that there was no evidence to the contrary, and (on the authority of *Sun Ins. Co. v. White*; 123 Cal. 203) that in the absence of such evidence the transaction must be regarded as falling within the terms of the exception. In the case cited, the note and mortgage had been given by White prior to the entry of the interlocutory decree and the injunction therein contained; but "by an agreement between [the parties] the amount thereof was to be paid to him at such times and on such terms as might be agreeable to both. Of the principal sum named in the note, about eight thousand dollars was paid after the entry of the interlocutory decree in the divorce case, and it was contended by the appellant (Mrs. White) that the plaintiff's lien should be postponed to hers."

616 of a new trial should be granted on the ground that the finding is not justified by the evidence. But in the view we take of the case this will be unnecessary.

.The lien was therefore in fact created — as to this amount — subsequently to the injunction, and the case was the same as though the mortgage had been then given. But the court said that "in the absence of any evidence to the contrary, it must be held that the receipt by him, from the plaintiff, of the amount remaining unpaid upon the note that he had previously executed, and the payment thereof by the plaintiff, was within the terms of the exception." The case, therefore, seems to be in point; and were it necessary, — assuming, without affirming, the sufficiency of the specifications referring to this finding, — a new trial should be granted on the ground that the finding is not justified by the evidence. But in the view we take of the case this will be unnecessary.

It is expressly found that there was no fraud, and that the deed was taken in satisfaction of a debt of several years' standing. In the absence of fraud, or of any intent to hinder or delay the plaintiff in her action, such a transaction must be regarded as coming clearly within the terms of the exception; for it cannot be doubted that the payment of a *bona fide* debt is in the course of the "usual and ordinary business" of the honest debtor. Nor can it make any difference whether the payment is made in money or property. The injunction, in its terms, referred to personal as well as real property, and to money, and choses in action, as well as to other kinds of the former; and to give it the effect contended for would be to forbid the payment of debts in any way. The findings that the transaction was not in the course of the usual and ordinary business of White, and that it was consequently in violation of the injunction, must therefore be regarded as mere conclusions of law incorrectly drawn from the specific facts found, and inconsistent therewith.

The conclusion reached renders it unnecessary to consider other points made by the appellant.

The judgment is reversed and the cause remanded, with directions to the lower court to enter judgment on the findings for the appellant as prayed for in his answer.

Hearing in Bank denied.