[Civ. No. 4733. First Appellate District, Division Two.—April 2, 1924.]

# BESSIE B. CHANCE, Respondent, v. SORONUS KOBSTED, Appellant.

[1] HUSBAND AND WIFE—COMMUNITY PERSONAL PROPERTY—INTEREST OF WIFE—CONTROL BY HUSBAND.—The wife's interest in furniture purchased by the husband with community funds is a mere expectancy, and not a title or interest; and the husband has complete control over the same, with the exceptions noted in section 172 of the Civil Code.

[2] ID.—SALE BY STRANGER.—Where a stranger to the community, without authority from the husband, purports to sell property of the community, the rights of the members of the community are not changed.

[3] ID.—DISSOLUTION OF COMMUNITY—VESTED INTERESTS.—The wife's interest in the community property only becomes vested and severable upon a dissolution of the community.

[4] ID.—PENDENCY OF DIVORCE PROCEEDINGS—HUSBAND'S POWERS NOT AFFECTED.—Divorce proceedings pending do not, in themselves, interrupt the husband's powers with respect to the management and control of community property, as the effect of such proceedings is not to take the property into the custody of the court.

[5] ID.—QUIETING TITLE—PARTIES PLAINTIFF.—In an action to quiet title to community personal property the husband is a necessary party plaintiff; and, where the wife brings such action in her own name, she must fail, and a demurrer to the complaint is improperly overruled where it is directed toward the right of the plaintiff to maintain the action.

(1) 31 C. J., p. 79, sec. 1172.   (2) 31 C. J., p. 118, sec. 1206 (1926 Anno.).   (3) 31 C. J., p. 149, sec. 1236 (1926 Anno.).   (4) 31 C. J., p. 83, sec. 1175 (1926 Anno.).   (5) 31 C. J., p. 145, sec. 1231.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. T. I. Fitzpatrick, Judge. Reversed.

The facts are stated in the opinion of the court.

E. Lyders for Appellant.

George L. Stewart for Respondent.

1. See 5 Cal. Jur. 335 et seq.; 5 R. C. L. 850.
4. Effect of divorce on community property in absence of adjudication, note, 11 L. R. A. (N. S.) 103. See, also, 5 Cal. Jur. 360; 5 R. C. L. 861.

LANGDON, P. J.—This is an appeal by the defendant from a judgment against him for $200 in an action which the plaintiff brought against him involving the title to certain personal property alleged to have been the community property of herself and her husband, Charles T. Chance. She alleged that at the time of the filing of the complaint she was the lawful wife of Charles T. Chance; that in October, 1921, he deserted her to consort with one Midge Bowers; that thereafter, on November 5, 1921, he purchased certain furniture with community funds and on December 21, 1921, commenced an action for divorce against plaintiff; that plaintiff, on cross-pleadings, obtained judgment in said action for separate maintenance and, on May 27, 1922, Midge Bowers sold said furniture to defendant. Plaintiff alleged that counsel fees and money for her separate maintenance allowed to her by the court in the divorce proceedings remain unpaid and that an execution was issued to enforce payment of the same and that the sheriff levied upon this personal property in the hands of the defendant as property of the community. There are additional allegations to the effect that Charles T. Chance has departed from the city and county of San Francisco, California, and cannot be found; that a warrant for his arrest has been issued under the provisions of section 270a of the Penal Code; that the defendant claims some interest in the property adverse to plaintiff. The prayer is that the defendant be required to set forth the nature of his interest and that the court declare that the defendant has no interest in the property and that the title thereto is in plaintiff.

A demurrer, general and special, was filed in the complaint and overruled, and the defendant answered, stating that he purchased the furniture from the said Midge Bowers, acting for herself and for Charles T. Chance; that the household furniture so purchased by defendant had been openly and notoriously possessed by the said Midge Bowers for a period of six months or more preceding the said purchase by the defendant; that the sale was open and free from fraud and that the defendant paid the reasonable value of said furniture for the same.

The appeal is upon the judgment-roll and the findings recite that at all times mentioned in the complaint the plaintiff was the wife of Charles T. Chance, who had de-

serted and abandoned her on or about the month of October, 1921, to live with said Midge Bowers; that on November 5, 1921, Charles T. Chance, with community funds of himself and the plaintiff purchased the household furniture involved here. The facts with reference to the divorce action instituted by Chance and the decree awarding separate maintenance to his wife, all as pleaded by plaintiff, are then found. It is further found that on May 27, 1922, the said Midge Bowers, with intent to deceive and defraud this plaintiff, and to deprive her of her rights in and to the said community property, sold and transferred the same to the defendant for the sum of $185; that on June 9, 1922, an execution was issued upon the judgment for counsel fees, maintenance, etc., in the divorce action, and all the right, title, and interest of said judgment debtor, Charles T. Chance, in and to the said furniture was garnished by plaintiff under and by virtue of said writ; that said defendant, on June 14, 1922, was restrained by order of court from disposing of said furniture pending the termination of this action, which was commenced by plaintiff in pursuance of the further order of said court, and that said restraining order was dissolved on August 25, 1922. It is further found that Charles T. Chance has deserted and abandoned plaintiff and is absent from the state, and that the defendant has sold portions of said furniture and converted other portions to his own use, and that the value of all of the furniture is $400.

From the foregoing facts the court concluded that the plaintiff had an equitable interest in the whole of said furniture to the exent of $200 and it was adjudged that the defendant should pay said sum to the plaintiff.

Appellant attacks the judgment upon the following grounds: That the respondent's husband is a necessary party to an action to quiet title to community personal property; that respondent has no title to the same; that the action being one to quiet title, the court was without power to give a money judgment therein, and that the judgment rendered does not dispose of the controversy between the parties because it does not provide that the appellant is entitled to the property upon the payment of $200 to respondent, and could not so provide because the rights of the husband therein are undetermined and he may bring

an action against this appellant for the value of the entire property.

It is necessary to consider only the first objection. [1] The plaintiff's interest in the community property involved here was a mere expectancy and not a title or interest. (*Spreckels* v. *Spreckels,* 116 Cal. 339 [58 Am. St. Rep. 170, 36 L. R. A. 497, 48 Pac. 228]; *Roberts* v. *Wehmeyer,* 191 Cal. 601 [218 Pac. 22].) Her husband had complete control over the same, with the exceptions noted in section 172 of the Civil Code. [2] It was not found, however, that he exercised his right to sell the property to the defendant, but it was found that a stranger to the community, without authority from him, so far as the findings show, attempted to sell the property. Any action upon the part of such stranger would be unavailing, of course, and would not change the rights of the members of the community in the same. [3] The wife's interest in the community property could only become vested and severable upon a dissolution of the community and there was no dissolution of the community between the husband and wife in this case, and no order of the court in the divorce proceedings dividing the community property, so far as the record shows. Until such dissolution, either by divorce or the death of one spouse, the wife's interest was an inchoate one and not such as to form the basis for an action to quiet title to the property. [4] Even divorce proceedings pending do not, in themselves, interrupt the husband's powers with respect to the management and control of community property, as the effect of such proceedings is not to take the property into the custody of the court. The husband continues to have control of it and full power to dispose of it. (*Lord* v. *Hough,* 43 Cal. 581, 585.)

[5] Therefore, in an action to quiet title to this community property the plaintiff must fail, and the demurrer was improperly overruled as it was directed toward the right of the plaintiff to maintain the action. "The subject of the action was community property. . . . Therefore, the husband was the proper plaintiff." (*Chester* v. *Hill,* 66 Cal. 480 [6 Pac. 132]. See, also, *Smith* v. *Furnish,* 70 Cal. 424 [12 Pac. 392]; *McFadden* v. *Santa Ana Ry. Co.,* 87 Cal. 464 [11 L. R. A. 252, 25 Pac. 681]; *Neale* v. *Depot Ry. Co.,* 94 Cal. 425 [29 Pac. 954]; *Lamb* v. *Harbaugh,* 105 Cal.

680 [39 Pac. 56]; *Spreckels* v. *Spreckels,* 116 Cal. 339 [58 Am. St. Rep. 170, 36 L. R. A. 497, 48 Pac. 228].) As to personalty, the above rule remains unchanged by recent amendments to the codes.

If the husband of plaintiff was missing from the state and his whereabouts were unknown, as plaintiff alleges in her complaint, and he was entitled to the possession of any personal property situated in the state, his wife had her course of procedure outlined by section 1822 et seq. of the ˋCode of Civil Procedure in such cases made and provided, ˋbut the method pursued in the present action finds no sanction in any provisions of our codes or any decisions of this state which have been called to our attention.

The question of plaintiff's right to subject community property, or the proceeds thereof, to the payment of the judgment against her husband in a proper proceeding is not before this court upon this appeal, as plaintiff did not pursue that remedy, but sought to enforce an indeterminate equitable interest against the property.

The judgment is reversed.

Nourse, J., and Sturtevant, J., concurred.