ESTATE OF E. CLEMENS HORST, DECEASED, DAISY B. HORST, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

DAISY B. HORST, AS TRANSFEREE OF E. CLEMENS HORST, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 686, 687. Promulgated March 6, 1944.

*M. E. Harrison, Esq.*, and *Theodore R. Meyer, Esq.*, for the petitioners.

*H. D. Thomas, Esq.*, for the respondent.

OPINION.

ARUNDELL, *Judge*: We think the case of *Gillis* v. *Welch*, 80 Fed. (2d) 165, decided by the Ninth Circuit Court of Appeals, is indistinguishable in principle from the present case and requires that the respondent be sustained. The court in that case, after reviewing the California authorities as to the nature of the wife's estate in community property prior to the amendment of the Civil Code in 1927, concluded "that the wife having no proprietary interest or estate in the community property beyond a mere expectancy before the gift by the husband, and thereafter having the entire interest in the property as a part of her separate estate, the gift tax was properly assessed upon the whole value of the property under the act."

The petitioner seeks to distinguish *Gillis* v. *Welch*, *supra*, on the ground that the court in that case considered a transfer running solely from the husband to the wife, while in the instant case the wife transferred her community interest to the husband as a part of the same transaction. But, this overlooks the fundamental basis of the court's decision, which was that the wife's interest prior to 1927 was a mere expectancy which did not materialize into a property interest until the dissolution of the marriage relationship either by death or divorce, *Chance* v. *Kobsted*, 66 Cal. App. 434; 226 Pac. 632, and, consequently, before the gift she had no estate of value.

Petitioner also seeks to bolster her position by arguing the analogy between a wife's dower interest and the interest of a wife in community property in California prior to 1927. We think no useful purpose would be served by pointing out the difference between the two interests. It might be noted, however. that the interest considered in *Ferguson* v. *Dickson*, 300 Fed. (2) 961, the case chiefly relied upon by petitioner, arose in New Jersey, where it has been held that "the inchoate right of dower, though not an estate in land, is a present, fixed. and vested valuable interest of a wife in her husband's estate of inheritance, in land of which he is seized. defeasible upon predeceasing him." *Gerhardt* v. *Sullivan*, 107 N. J. Eq. 374; 152 Atl. 663, at 664; *Class* v. *Strack*, 85 N. J. Eq. 319; 96 Atl. 405.

In view of the foregoing, we hold that the release of the wife's interest in 2,026 shares of stock did not constitute a "fair consideration in money or money's worth" for the transfer of a like number to her as separate property, and that such transfer was a gift, taxable under sections 319 and 320 of the Revenue Act of 1924, as amended by section 324 of the Revenue Act of 1926.

Reviewed by the Court.

> *In Docket No. 686 decision will be entered under Rule 50, and in Docket No. 687 decision will be entered of no transferee liability.*