[S. F. No. 3889. In Bank.—August 5, 1905.]

## In the Matter of the Estate of FREDERIC GARNIER Deceased. ANDRE GARNIER et al., Appellants, v. ALEXANDRINE SARRAILLE, as Administratrix and individually, Respondent.

ESTATES OF DECEASED PERSONS—CONTRACT OF DECEASED TO CONVEY TO ADMINISTRATRIX—STATUTORY SPECIFIC PERFORMANCE.—It is clearly within the power of the legislature to prescribe a specific performance in the probate court of a contract of a deceased person to convey real estate; and an administratrix with whom, as an individual, a valid contract to convey was made by the deceased, may individually petition such court to order her, as administratrix, to execute the conveyance to her.

ID.—JUDGE GUARDIAN OF ESTATE—RESIGNATION NOT REQUIRED.—The judge of the probate court is the guardian of the estate, and an executor or administrator simply acts under his order and direction; and the law does not require that the executor or administrator should first resign as such in order to have a claim allowed or enforced against the estate.

ID.—APPOINTMENT OF ATTORNEY FOR ESTATE—OPPOSITION BY HEIRS.— The court may properly appoint a separate attorney to represent the estate, upon petition made for a specific performance by an executor or administrator, but was not required to do so where the heirs appeared and opposed the petition.

ID.—ERROR IN DESCRIPTION — OMISSION OF BOUNDARY — MISTAKE OF DECEDENT—POSSESSION OF LOT—PAROL EVIDENCE.—Where the contract was drawn by the decedent, and had an evident error in the omission of the rear boundary line, making the description impossible, the court properly admitted testimony to show that the lot had been inclosed by a fence and improved for eighteen years prior to the agreement, and that the petitioner had had possession thereof from the date of the agreement, and that the rear line of the lot had the same width with the front line and was occupied by a barn, and that the premises so occupied were the premises mentioned in the agreement.

APPEAL from a decree of the Superior Court of the City and County of San Francisco directing a conveyance of real estate of a deceased person. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

E. Bianchi, and J. F. Tevlin, for Appellants.

Barna McKinne, for Respondent.

VAN DYKE, J.—This is an appeal from the decree in the probate court directing the administratrix to execute a conveyance of real estate. The provisions of the Code of Civil Procedure on the question involved, prior to the amendment of the last session of the legislature, are as follows:—

"Sec. 1597. When a person who is bound by contract in writing to convey any real estate dies before making the conveyance, and in all cases when such decedent, if living, might be compelled to make such conveyance, the court may make a decree authorizing and directing his executor or administrator to convey such real estate to the person entitled thereto.

"Sec. 1598. On the presentation of a verified petition by any person claiming to be entitled to such conveyance from an executor or administrator, setting forth the facts upon which the claim is predicated, the court, or a judge thereof, must appoint a time and place for hearing the petition, and must order notice thereof to be published at least four successive weeks before such hearing, in such newspaper in this state as he may designate.

"1599. At the time and place appointed for the hearing, or at such other time to which the same may be postponed, upon satisfactory proof by affidavit or otherwise of the due publication of the notice, the court must proceed to a hearing, and all persons interested in the estate may appear and contest such petition, by filing their objections in writing, and the court may examine, on oath, the petitioner and all who may be produced before him for that purpose.

"1600. If after a full hearing upon the petition and objections, and examination of the facts and circumstances of the claim, the court is satisfied that the petitioner is entitled to a conveyance of the real estate described in the petition, a decree authorizing and directing the executor or administrator to execute a conveyance thereof to the petitioner must be made, entered on the minutes of the court and recorded.

"1601. The executor or administrator must execute the conveyance according to the directions of the decree, a certified copy of which must be recorded with the deed in the office of the recorder of the county where the lands lie, and is *prima facie* evidence of the correctness of the proceedings, and of

the authority of the executor or administrator to make the conveyance.

"1602. If, upon hearing, as hereinbefore provided, the right of the petitioner to have a specific performance of the contract is found to be doubtful, the court must dismiss the petition without prejudice to the right of the petitioner, who may, at any time within six months thereafter, proceed by action to enforce a specific performance thereof."

The remaining sections of the chapter relate to recording the decree and conveyance and the effect thereof, etc. The amendments passed at the last session of the legislature make these provisions of the code apply also to the case of an agreement in writing to transfer personal property.

This special statutory remedy conferring upon the probate court administering the estate jurisdiction to grant specific performance in cases where the right of petitioner in the premises is free from doubt (as in this case) would seem to be a wise provision; it evidently tends to save the expense and delay that would follow a separate action in equity for a specific performance. At any rate the remedy seems to be complete, and it is clearly within the power of the legislature to prescribe such. In several of the states a summary special proceeding is allowed by which a contract may be enforced without suit, as a step in the settlement of the deceased vendor's estate. In such case the statutory method may be followed, and the probate court having jurisdiction may authorize or order the administrator or executor of the decedent to make the conveyance which the vendor himself should have made had he been alive. (Pomeroy on Specific Performance of Contracts, sec. 497 et seq.)

In this case the administratrix, Alexandrine Sarraille, a sister of the deceased, petitioned the probate court for an order directing her, as administratrix, to execute conveyance of the real estate described in the petition, the deceased in his lifetime having entered into an agreement in writing to convey the same to her. Upon the petition being filed, the court fixed a time and place for hearing the same, and ordered notice to be given by publication as directed by the code. Publication was made, and at the time and place named in the order the appellants, Andre Garnier, a brother, and Rosalie Garnier and Josephine Garcin, sisters of the deceased,

through their attorneys, made written objections to the petition, upon the ground, among others, that petitioner was disqualified and not allowed in law to assert her personal rights against herself as administratrix; that the estate of deceased was not represented except by petitioner, whose interests were adverse to the estate. These objections were renewed by appellants, when the matter came on for hearing, and were overruled by the court. After hearing of proofs offered on the part of petitioner, contestants offering no evidence, the court ordered the executrix to execute and deliver a deed of grant, bargain, and sale of the real estate in question.

An executor or administrator of an estate has the same right, under the provisions of the code, to present a petition for conveyance of real estate (and since the late amendment, also for a transfer of personal property) as any other party. In case of a money demand in favor of the executor or administrator, the claim is not allowed by the executor or administrator, but is presented to the judge for allowance, and if allowed becomes a charge against the estate, in the same manner as the claim of an outside party. In case the judge disallows the claim on a money demand, it is provided in the code under the settlement of estates that the creditor may bring an action against the estate, and the summons is to be served upon the judge, who may appoint an attorney, at the expense of the estate, to defend the action. (Code Civ. Proc., sec. 1510.) By analogy, in this case, the judge might have appointed an attorney to represent the estate, and probably would have done so if the heirs in question, being the only heirs of the deceased, excepting the administratrix, had not themselves appeared and contested the claim. However that may be, an executor or administrator under the law has the same right as an outside party, whether his claim be a money demand, or for the performance of a written contract to transfer property, and the law does not require that he should first resign his position as executor or administrator in order to have his claim allowed or enforced against the estate. Thus the law is written, and it is not for the courts to say that some other course than that provided in the statute should have been pursued in this case. The judge of the probate court is the guardian of the estate, and the executor or administrator simply acts under his order and direction.

Appellants also raise the objection that the description of the land in the written contract is so defective that the contract should not be enforced. The real estate mentioned in the written agreement is as follows: "All the certain lot or parcel of land situate in the city and county of San Francisco, state of California, bounded and particularly described as follows, to wit: Commencing at a point on the easterly line of Palmer Street, distance northerly seventy-nine (79) feet from the northeasterly corner of Palmer and Fairmount streets; thence northerly along said easterly line of Palmer Street twenty-five (25) feet; thence easterly and parallel with Fairmount Street one hundred and eighteen feet nine inches (118 9-12), thence at right angles westerly parallel to Fairmount Street one hundred and thirteen feet two inches (113 2-12), more or less, to the point of beginning, being part of lot No. 2, in block 19 of the Fairmount Tract, as recorded in a map, in the recorder's office for the city and county of San Francisco."

The first corner of the lot attempted to be described is the southwest corner; thence northerly along the east line of Palmer Street twenty-five feet, which would be the northwest corner with a frontage on the east line of Palmer Street of twenty-five feet. The line then runs easterly at right angles with Palmer Street and parallel with Fairmount Street one hundred and eighteen feet nine inches, which would be the northeast corner; and the description then reads "thence at right angles westerly parallel to Fairmount Street one hundred and thirteen feet two inches, more or less, to the point of beginning," which is impossible. It would simply be returning on the same line to Palmer Street, and necessarily could not reach the point of beginning by running parallel with Fairmount Street. It clearly shows that the easterly line is omitted. It should read, after reaching the northeast corner, "thence at right angles southerly and parallel to Palmer Street twenty-five feet; thence at right angles westerly and parallel with Fairmount Street one hundred and thirteen feet and two inches, more or less, to the point of beginning." The original agreement, as admitted in evidence, shows it was drawn by the decedent himself. The court very properly admitted testimony to show that the petitioner had occupied the premises in question, which are de-

scribed as commencing at a point on the easterly line of Palmer Street and fronting on Palmer Street twenty-five feet, and running easterly parallel with Fairmount Street one hundred and eighteen feet and nine inches, and that the premises were inclosed with a fence, and improved with buildings, and had been for eighteen years prior to the date of the agreement, and that the rear of the lot was twenty-five feet, the same as the front, and that a barn stood on the rear of the lot, and that the barn was twenty-five feet in length and occupied the whole width of the lot; that the petitioner had lived on the premises with her family since March, 1885, and that these were the same premises mentioned in the agreement.

"For the proper construction of an instrument, the circumstances under which it was made, including the situation of the subject of the instrument and of the parties to it, may also be shown, so that the judge be placed in the position of those whose language he is to interpret." (Code Civ. Proc., sec. 1860. See, also, *Los Angeles etc. Co.* v. *Thompson,* 117 Cal. 594, [49 Pac. 714], and cases therein cited; also *Galbraith* v. *Shasta Iron Co.,* 143 Cal. 95, [76 Pac. 901].)

The judgment and decree appealed from are affirmed.

McFarland, J., Lorigan, J., Henshaw, J., and Beatty, C. J., concurred.