[Civ. No. 3883. First Appellate District, Division One.—September 10, 1921.]

## GIOVANNI CAPUTO, Respondent, v. F. S. FUSCO, Appellant.

[1] PROMISSORY NOTE—EXECUTION TO WIFE—ACTION BY HUSBAND—PLEADING — COMMUNITY PROPERTY. — In an action by a husband upon a promissory note, an allegation in the complaint that the note is community property is sufficient to rebut the disputable presumption that the note is the wife's separate property because executed to her, and to render the pleading immune from attack on the general ground of want of facts to state a cause of action.

[2] ID.—PARTIES—WIFE NOT PROPER PARTY.—A wife is not a proper party plaintiff in an action on a promissory note although executed to her, where the note is community property.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John J. Van Nostrand, Judge. Affirmed.

The facts are stated in the opinion of the court.

Carl A. Day and Devoto, Richardson & Devoto for Appellant.

Hoefler, Cook & Snyder and William E. Billings for Respondent.

WASTE, P. J.—The plaintiff in his own name brought an ordinary action to recover upon a promissory note made, executed, and delivered to his wife, Elisa Caputo, by the defendant, in the sum of fifteen hundred dollars. It was alleged that the money so loaned to the defendant was the community property of the plaintiff and his said wife, and that the promissory note and the money due thereon was community property. Defendant filed no demurrer to the complaint. He interposed only a general denial by way of answer, and made no further appearance. Judgment was accordingly entered in favor of the plaintiff as prayed for.

[1] Defendant now appeals to this court and seeks a reversal of the judgment on the sole ground that the complaint does not state facts sufficient to constitute a cause of action in favor of plaintiff, for the reason that the money having been loaned by Elisa Caputo, and the promissory note being an instrument in writing, the presumption of law is that the money is her separate property. From the pleaded fact, however, that the note was executed to the wife of plaintiff, merely a disputable presumption arose that it was her separate property. (*Estate of Young,* 123 Cal. 337, 346, [55 Pac. 1011]; *Volquards* v. *Myers,* 23 Cal. App. 500, 504, [138 Pac. 963].) The further allegation that it was in fact community property rebutted the presumption, and rendered the complaint immune from attack on the general ground of want of facts to state a cause of action. [2] Elisa Caputo, the wife, was not a proper party plaintiff in the action to recover the community property. (*Spreckels* v. *Spreckels,* 116 Cal. 339, 349, [58 Am. St. Rep. 170, 36 L. R. A. 497, 48 Pac. 228]; *In re Burdick,* 112 Cal. 387, 393, [44 Pac. 734].)

The appeal appears to have been taken for the purpose of vexation and delay. The judgment is affirmed, and it is ordered that plaintiff recover of the defendant, as part of the costs of appeal, the sum of one hundred dollars.

Kerrigan, J., and Richards, J., concurred.