[Civ. No. 7055. First Appellate District, Division Two.—September 25, 1929.]

IRENE COHN, Respondent, v. LEVI COHN et al., Executors, etc., Appellants.

F. E. Broton, James Petrini and Joseph A. Brown for Appellants.

Harry I. Stafford for Respondent.

KOFORD, P. J.—Plaintiff executed to Charles Cohn, deceased, during his lifetime, a deed conveying to him certain real property, with improvements thereon, in the city and county of San Francisco. This action is brought against the executors of said Charles Cohn, deceased, for the purpose of having said deed, which is absolute in form, declared to be a mortgage. The complaint alleged that pursuant to agreement, the said decedent took possession of said property immediately after said conveyance, and thereafter collected all the rents therefrom, applying them to the indebtedness, and that the rents so collected at the time suit was commenced, exceeded the amount of plaintiff's indebtedness to said decedent. The complaint prayed for an accounting and for a reconveyance of the property. At the trial the plaintiff waived her prayer for a money judgment against the estate of said decedent for any amount of rent which might have been collected in excess of her indebtedness to the decedent. An interlocutory judgment was given in favor of plaintiff for an accounting. The defendants appeal.

The points urged on the trial by the defendants were: First, that plaintiff could not maintain the action because she had not filed a claim with the executors of the estate before commencing the action; second, that her action

was upon a claim against the estate and that she was, therefore, incompetent to testify as a witness on account of the provisions of subdivision 3 of the Code of Civil Procedure, section 1880. These two points have been directly passed upon by the Supreme Court and appellate courts of this state. It has been held that in an action to recover specific real property as owner thereof, it is not necessary to allege or prove the filing of a claim with the executors. (*Newport* v. *Hatton,* 195 Cal. 132 [231 Pac. 987] ; *Maguire* v. *Cunningham,* 64 Cal. App. 536, at 548 [222 Pac. 838].) ▮ It has likewise been held that the plaintiff is a competent witness in an action of this kind. (*Wadleigh* v. *Phelps,* 149 Cal. 627, 640 [87 Pac. 93] ; *Maguire* v. *Cunningham, supra.*)

▮ On this appeal appellants also urge that the plaintiff's action is barred by laches. The deed was made in 1917, the decedent died in June, 1926, and this action was commenced in January, 1927.

We find that the record fails to show laches, either in the pleading or in the evidence. The fact that ten years elapsed from the date of the execution of the deed until the time suit was commenced, does not show that plaintiff waited ten years to assert her rights. The day after she executed the deed she had no cause of action and under the allegations of the complaint this condition continued until such time as her indebtedness had been paid, which fact would entitle her to a reconveyance, or until such time as Charles Cohn denied and repudiated the plaintiff's claim that the property was held by him solely for security for her indebtedness, which fact would entitle her to sue for a decree fixing the rights of the parties in and to the property. Neither the complaint nor the evidence shows at what particular time, if at all, the rents collected by Charles Cohn liquidated the indebtedness. ▮ There is no competent testimony that Charles Cohn ever repudiated the arrangement testified to and alleged by plaintiff. A copy of a letter, dated October 31, 1921, was found among the papers of the decedent after his death. It purported to be a copy of a letter written by him to Mr. Stafford, who was then acting as attorney for the plaintiff. The substance of the letter was such that, had it been mailed to Mr. Stafford, it would have constituted such a repudiation as would have

given plaintiff cause to commence an action at that time for an accounting and for a decree declaring the deed to be a mortgage. This element of fact, however, does not enter into the case, for the reason that there was no proof offered that the original letter, of which the said paper was a copy had ever been communicated or transmitted to Mr. Stafford or to the plaintiff. There was considerable discussion at the trial concerning the admissibility of this paper, but so far as the record discloses, the argument related to whether or not the declarations of the decedent contained in it were hearsay and self-serving. It does not appear that the paper was considered by defendants' counsel as competent evidence of the fact of a communicated repudiation of the mortgage arrangement. It seemed to have been the position of defendants' counsel that even though not communicated to the plaintiff or her agent, it was admissible merely as a declaration of the decedent upon the issue of whether such an arrangement had originally been made by him. The paper was actually received in evidence, but it only proved that decedent had written his ideas on a piece of paper and it did not prove that he had communicated a denial of the mortgage character of the deed in 1921.

There being no evidence of a repudiation by Charles Cohn and nothing appearing in the complaint or in the evidence indicating the full payment of the indebtedness for which the conveyance was made, the plaintiff was never required to commence this action at any time prior to the death of Charles Cohn.

For the foregoing reasons the judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 3, 1929, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 21, 1929.

All the Justices concurred.