[Civ. No. 8091. First Appellate District, Division Two.—November 7, 1931.]

ELLEN M. JOHNSON, Appellant, v. NATIONAL SURETY COMPANY (a Corporation), Respondent.

Willedd Andrews for Appellant.

Bailie, Turner & Lake and Allen T. Lynch for Respondent.

JAMISON, J., *pro tem.*—Plaintiff brought this action to establish a trust in real property, for an accounting and for the appointment of a receiver. Defendant demurred to the amended complaint. The demurrer was sustained and plaintiff refusing to further amend, judgment was rendered for defendant and from this judgment plaintiff has appealed.

The amended complaint alleged that plaintiff and one H. T. Johnson are husband and wife. That on February 19, 1926, she and her husband owned as community property a certain deed of trust and note, executed by Carrie E. Craig and Jeanette Lohrum to her said husband. That on December 26, 1926, without assignment in writing, or indorsement by appellant's said husband, and against her consent, respondent obtained possession of said note and deed of trust. That on September 27, 1927, without the knowledge or consent of appellant and without consideration having passed from respondent to her, the respondent sold said collateral security, to wit, said note and deed of trust at private sale; that thereupon respondent, without consideration, valuable or otherwise, pretended to purchase said collateral security covering the real property described in the said complaint. That the said Carrie E. Craig and Jeanette Lohrum having defaulted in the payment of certain installments due under the terms of said note, thereupon respondent, pursuant to the provisions of said deed of trust foreclosed same and now claims to be the owner of the property thereby covered. That respondent is not the owner of the property described in said deed of trust, but holds said property in trust for appellant and her said husband. That respondent is a foreign corporation organized under the laws of the state of New York and has not filed with the county clerk of Los Angeles County a certified copy of its articles of incorporation pursuant to section 299 of the Civil Code.

Respondent demurred to the amended complaint upon the grounds:

1. That it did not state facts sufficient to constitute a cause of action. 2. That appellant has not legal capacity to sue. 3. That said complaint is ambiguous for the following reasons: That it cannot be ascertained therefrom how, or in what manner or from whom respondent obtained possession of said note and trust deed nor from whom respondent "pretended to purchase said collateral security" as alleged in paragraph IV of said complaint. That it cannot be ascertained upon what facts appellant bases her conclusion that respondent did not own said note and deed of trust, and that it held and possessed said trust deed and note in trust for appellant and her said husband and upon what facts she bases her conclusion that a receiver is necessary. And that for the foregoing reasons the said complaint is uncertain and unintelligible.

Appellant claims that this action to establish a trust is not an action to declare a trust in personal property, but is an action to declare a trust in real property. On the other hand, respondent contends that the note and deed of trust referred to in said complaint as "collateral security" was personal community property of appellant and her husband.

■ "Collateral Security", as defined by Bouvier's Law Dictionary, volume 1, page 520, is a separate obligation attached to another contract to guarantee its performance. Therefore the inference would be, from the language used in the complaint, that the said note and deed of trust were given to appellant's husband to secure some obligation owing to him by the makers of the note. The said note and trust deed would therefore merely be evidences of debt and would be included in the definition of personal property as set out in subdivision 3 of section 14 of the Civil Code. Section 863 of said code relating to trusts in real property provides that the beneficiary takes no interest or estate in the property. (*C. A. Warren Co.* v. *All Persons, etc.,* 153 Cal. 771 [96 Pac. 807].) Section 172 of the Civil Code provides that the husband has the management and control of the community personal property with like absolute power of disposition, other than testamentary, as he has of his separate estate, except that he cannot make a gift of it, or dispose of the same without a valuable consideration. ■ The husband must bring all actions that concern the property of the community. (5 Cal. Jur. 337; *Chance* v. *Kobsted,* 66

Cal. App. 434 [226 Pac. 632]; *Caputo* v. *Frusco*, 54 Cal. App. 191 [201 Pac. 604]; *Sternes* v. *Sutter Butte Canal Co.*, 99 Cal. App. 465 [278 Pac. 921].) However, during the continuance of the marriage relation the wife may resort to appropriate judicial remedies to protect and safeguard the community property against the inconsiderate and fraudulent acts of the husband. (*McKay* v. *Lauriston*, 204 Cal. 557, 564 [269 Pac. 519].)

But it is not alleged in the said complaint that appellant's husband was guilty of any fraud, or that he gave said note and trust deed to respondent, or that he did not receive a valuable consideration for them. Section 370 of the Code of Civil Procedure empowers a married woman to sue in her own name without joining her husband as a party to the action, but it confers no authority upon her to sue in her name where the right of action is given to the husband alone. We are of the opinion that the action of the trial court in sustaining the demurrer was right for the reasons that: 1. The facts stated in said complaint are not sufficient to constitute a cause of action. 2. Appellant has not legal capacity to sue. 3. Said complaint is ambiguous.

Appellant complains in her brief that the court did not grant her leave to amend her first amended complaint. The record in this case shows that she did not ask permission of the court to amend her said complaint but, on the contrary, refused to amend. Such being the case, the court could not do otherwise than render judgment against her. (*Murphy* v. *Murphy*, 57 Cal. App. 182 [207 Pac. 43].)

In view of the decision we have reached we do not deem it necessary to pass upon the contention of appellant that respondent is a foreign corporation and that it has not filed its articles of incorporation with the county clerk of Los Angeles County pursuant to section 299 of the Civil Code. However, is was held in the case of *South Yuba Water Co.* v. *Rosa*, 80 Cal. 333 [22 Pac. 222], that said section 299 does not apply to foreign corporations.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.