[L. A. No. 13867.   In Bank.—January 9, 1933.]

ALAMITOS LAND COMPANY (a Corporation), Respondent, v. SHELL OIL COMPANY (a Corporation), Appellant.

McCutchen, Olney, Mannon & Greene for Appellant.

Oliver O. Clark, Raymond J. Kirkpatrick and Sherman Anderson for Respondent.

PRESTON, J.—Motion to dismiss appeal.

Respondent moves herein the dismissal of defendant's appeal in so far as it applies to four separate provisions of the final judgment of the court in this cause. The motion is founded upon the well-recognized principle expressed by this court as follows: ''The right to accept the fruits of a judgment and the right of appeal therefrom are not concurrent. On the contrary, they are totally inconsistent. An

election to take one of these courses is, therefore, a renunciation of the other.'' (*Estate of Ayers,* 175 Cal. 187, 190 [165 Pac. 528, 529].)

It seems that this motion is but a forerunner of several appeals in the above-entitled cause which must later receive attention and which grow out of the relationship of lessor and lessee between the plaintiff and defendant respectively in connection with certain highly productive oil property located at Signal Hill, Los Angeles County. In 1921 plaintiff leased these lands to defendant and this agreement was supplemented in 1924 by a later one. For several years the parties have been operating under these contracts and some thirty-nine producing wells have been drilled and are still producing large quantities of oil. A dispute has arisen between the parties as to whether a proper accounting has been rendered by defendant to plaintiff. Based upon the alleged misconduct of defendant, plaintiff sought by this action not only a judgment for the items not accounted for but also for an out and out forfeiture and cancellation of the lease. The cause was put at issue and after a prolonged trial the court gave a money judgment for plaintiff covering several items aggregating the sum of $522,895.11, being for the said so-called back royalties and kindred items. The court concluded its judgment by paragraph eighth thereof, which reads as follows:

''That plaintiff have judgment declaring the termination of all of the right, title, interest and equity of said defendant, in, to and under said lease of January 3rd, 1921, and said contract of March 14, 1924, provided, however, that said defendant shall be relieved of such forfeiture in the event that it pays to plaintiff, on or before the 29th day of August, 1932, all sums for which judgment is herein given.''

Facing this interlocutory demand for payment of the money items, a demand which matured before the judgment as a whole could be reviewed on appeal and, facing the alternative contained in the above-quoted paragraph eighth, defendant was required to make a hasty but important decision. Accordingly, it decided to and did pay the money demands in full with written notice to plaintiff that the sums were not paid by way of compromise, but under protest and to prevent the more drastic penalty of a forfeiture of the lease, announcing at the same time that an appeal from

all or any portion of the judgment by it would not be considered prejudiced by this payment. Later this appeal was taken, not only from the money items in the judgment but from the said paragraph eighth as well as from other provisions of the judgment not here involved. Now comes the respondent urging upon the court a dismissal of the portions of the appeal above described and respondent asserts the question involved to be the following:

"May the defendant accept the benefits of that part of the judgment which grants unto it the opportunity to secure relief from a forfeiture of its oil and gas lease, upon the timely payment of the moneys, which by another part of the same judgment are found to be owing by it to the plaintiff upon an accounting for royalties under that lease, *and yet appeal* from either, or both, of said portions of said judgment?"

The defendant counter-states the question involved to be as follows: "Does a defendant lose its right to a review by paying under protest a judgment which by its terms makes such payment the only means of escape from a more drastic penalty?"

Each party recognizes the existence of the principles of law contended for by the other, but each contends that the principle advocated by it alone is applicable to the present controversy. The conclusion must therefore be found in an interpretation, properly made, of the judgment as given.

█ Preliminarily it may be said that judgments having therein these interlocutory provisions which mature prior to the main decree are not favored as they place the losing party at a great disadvantage. (*Ochoa* v. *McCush,* 213 Cal. 426 [2 Pac. (2d) 357].)

█ The judgment before us arose out of an alleged failure by defendant to account to plaintiff and this failure likewise constitutes the principal ground for forfeiture of the lease. If the accounting was proper, the decree of forfeiture was improper. The two issues are interdependent. Defendant has appealed from the judgment as to both these issues. It is manifest that in the face of the alternative to pay or lose the lease and then pay, it was wise for defendant to advance and pay the money demands. Such a payment, therefore, was under the clearest and most urgent compulsion and should not bar the right of review. Defendant received

216

no benefits by accepting the lighter of the two burdens. It merely adopted the only safe course.

Respondent argues that by the terms of the judgment the forfeiture had already occurred and to allow defendant's rights in the lease to be restored was a distinct benefit, the receipt of which, although on terms, was yet a great bargain; hence defendant should be estopped to complain. This argument, however, seems to beg the question, for it assumes the forfeiture not only to have been incontestable but to have been conceded by defendant, neither of which conditions is true. Defendant here questions both the right to an accounting and the right to a forfeiture and its statement of the question involved is therefore the proper one. Authorities to support the views above announced are numerous but we need cite only a few: *Warner Bros. Co.* v. *Freud*, 131 Cal. 639 [63 Pac. 1017, 82 Am. St. Rep. 400]; *Pond Creek Coal Co.* v. *Runyon*, 199 Ky. 539 [251 S. W. 841]; *Colvin* v. *Woodward*, 40 La. Ann. 627 [4 South. 564].

The motion is denied.

Seawell, J., Curtis, J., Langdon, J., Shenk, J., and Waste, C. J., concurred.