[S. F. No. 14880. In Bank.—July 18, 1934.]

IRENE V. COHN, Respondent, v. LEVI COHN et al., Executors, etc., Appellants.

Joseph A. Brown for Appellants.

Daniel R. Shoemaker and Harry I. Stafford for Respondent.

PRESTON, J.—Plaintiff brought this action to have a deed declared to be a mortgage, which deed, absolute in form, was made by her in the year 1917 to one Charles

Cohn, now deceased, to secure an indebtedness of $5,000; also for an accounting of the rents, issues and profits of the property in question; and for judgment awarding her the excess, if any, of rents and profits over the amount of her said indebtedness and interest thereon.

Issue was joined by the answer of defendants, who are executors of the last will and testament of Charles ·Cohn, deceased. Thereafter the cause proceeded to a hearing, the court made its findings and, on October 20, 1927, rendered its interlocutory decree, adjudging said deed to be a mortgage, appointing a referee to take an accounting, and providing that if plaintiff's indebtedness exceeded the amounts collected from the property, then plaintiff should have ninety days from final determination of said accounting to pay defendants the moneys found due them; that upon such payment the deed should be canceled and defendants should execute to plaintiff a reconveyance of the property. Said interlocutory judgment was affirmed upon appeal; reference is made to said decision for a fuller statement of the facts of this case. (*Cohn* v. *Cohn*, 100 Cal. App. 746 [281 Pac. 504].)

Later the matter of the accounting was heard. The referee concluded that on April 3, 1931, the plaintiff was indebted to defendants in the sum of $2,109.90, and rendered his report to that effect, to which report defendants filed various objections and exceptions. The trial court, however, found the report and findings of fact of the referee to be correct and gave judgment confirming and approving them, further ordering that defendants execute a reconveyance of said real property to plaintiff, subject to a lien in said sum of $2,109.90. From this judgment defendants appealed.

 Appellants devote considerable space to a review of the evidence taken upon the accounting in an endeavor to prove its insufficiency to support the findings of the referee, particularly with respect to the amount of rentals received from the property and the balance found to be due them. It is unnecessary, however, to here engage in a detailed discussion of this contention. The matters urged by appellants may be said at most to create a conflict in the evidence, which the court was justified in resolving

in favor of respondent. The record contains ample proof to support the findings of the referee and the court.

The only other contention of appellants is that the court, in the form of its judgment, should have pursued the course outlined in the interlocutory decree and ordered respondent to pay said indebtedness within a specified period after final determination of the accounting as a condition precedent to reconveyance of the property to her, instead of merely decreeing that appellants reconvey the property subject to said lien. This contention is untenable. The form of the final decree was properly drawn in conformity with the procedure suggested by recent expressions of this court on the subject. (*Ochoa* v. *McCush*, 213 Cal. 426 [2 Pac. (2d) 357]; *Alamitos Land Co.* v. *Shell Oil Co.*, 217 Cal. 213 [17 Pac. (2d) 998].)

The case of *Dougery* v. *Bettencourt*, 214 Cal. 455 [6 Pac. (2d) 499], relied upon by appellants, is not in point. The proceeding there was of a different character and the form of judgment was controlled by section 2466½ of the Political Code, providing that no sale, certificate or deed made for a valid delinquent assessment should be adjudged invalid without payment to the purchaser of the land of said delinquent assessment, penalties, interest and costs. The court said: ''Obviously the giving of a lien on the property is not the payment contemplated by that statute.''

It is urged that in this decree there is neither a fixed period of duration of the lien nor a specification of the rate of interest or the means of foreclosure declared. But this would also be true were appellants enforcing the deed as a mortgage. However, it is within the province of this court to make the judgment more certain in these particulars.

Accordingly, the last paragraph of said judgment is stricken out and the following is inserted in lieu thereof: ''It is ordered that plaintiff, within ninety days from and after the date that this judgment becomes final, pay to the defendants the sum of $2,109.90, together with lawful interest thereon from and after April 3, 1931, and, when so paid, defendants are directed to reconvey said property to plaintiff free and clear of all incumbrances made, done or suffered by them. But in case plaintiff fails to make said payment within the time specified herein, then defendants

may apply to the court below for the usual decree of foreclosure and sale applicable to such a cause.''

As so modified the judgment is affirmed.

Shenk, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.