[S. F. No. 15645. In Bank.—July 17, 1936.]

IRENE COHN, Respondent, v. IRVING COHN, as Executor, etc., Appellant.

Joseph A. Brown for Appellant.

Harry I. Stafford and Daniel R. Shoemaker for Respondent.

SEAWELL, J.—Plaintiff Irene Cohn moved the court below to enter its order that a judgment providing for payment by her to defendant of $2,109.90 had been satisfied. From the order granting her motion, defendant, surviving executor of the will of Charles Cohn, prosecutes this appeal.

This case has twice before been considered on appeal. In *Cohn* v. *Cohn*, 100 Cal. App. 746 [281 Pac. 504], the appellate court affirmed a decree which adjudged a deed absolute executed by plaintiff Irene Cohn to Charles Cohn, her brother-in-law, to be a mortgage, and directed that an accounting be had before a referee of the rents collected from the property by Charles Cohn and by his personal representatives after his death. In *Cohn* v. *Cohn*, 1 Cal. (2d) 13 [34 Pac. (2d) 1000], we affirmed, as modified, the judgment entered in said action following the accounting had before the referee. The judgment as modified provided that plaintiff Irene Cohn, within ninety days after the judgment became final, should pay the sum of $2,109.90 to the executors of the last will of Charles Cohn, and upon such payment the executors should reconvey to her. In case plaintiff failed to pay, defendants were authorized to apply to the court below for foreclosure.

Within the period prescribed plaintiff made a motion for satisfaction of judgment. On the proceedings had on this motion plaintiff offered evidence and the court found that at the same time when the deed was executed to Charles Cohn, plaintiff Irene Cohn and her husband, Newton Cohn, also executed an assignment to him of two policies of insurance on the life of Newton Cohn, as additional security for $5,000 then advanced by Charles Cohn. On December 9, 1932, pending the appeal in this court from the judgment

entered after taking of the accounting in the court below, Newton Cohn, husband of Irene Cohn, died. The sums due on the policies of insurance on his life were paid to the executors of the will of Charles Cohn. The amounts received on these policies, together with the additional rentals collected by the executors since entry of the judgment in the trial court on the referee's accounting, are more than sufficient to pay the sum of $2,109.90, which under the judgment plaintiff was required to pay to obtain a reconveyance.

Appellant as surviving executor of the will of Charles Cohn contends that plaintiff may not try her right to the insurance moneys upon a motion to compel satisfaction of the judgment for $2,109.90, but should commence a separate action with the object of offsetting this claim against the judgment, wherein the usual procedural requirements for the trial of causes will be observed. The final judgment in the action wherein it was determined that the deed executed by plaintiff was a mortgage, and that she should pay $2,109.90 to obtain a reconveyance, made no adjudication with reference to the insurance policies, which were not the subject of that action.

In *State Bank of Lansing* v. *McLaury*, 175 Cal. 31 [165 Pac. 7], a claim that the judgment creditor had received funds of the defendant applicable to the judgment was heard on motion and affidavits and denied. Our decision affirmed the order of the lower court. But in that case it was the defendant who himself had made the motion and lost who objected on appeal that the lower court should not have determined the matter on motion and affidavits. Section 2009 of the Code of Civil Procedure provides that a motion may be determined on affidavits. It may be conceded that ordinarily a disputed claim not reduced to judgment, which the judgment debtor seeks to use as an offset, should not be tried upon affidavits. However in the instant case, the claim of plaintiff to the insurance moneys was not in fact tried solely on affidavits. The judge below treated the proceedings had on the motion as the trial of a separate cause, took oral testimony bearing on the issues as made by the notice of motion, supporting affidavit and counteraffidavit, and made findings and a formal judgment in plaintiff's favor. Although at the outset of the hearing the defendant objected to the determination of plaintiff's

rights in the insurance money on motion, in view of the manner in which the proceeding was subsequently conducted defendant was not prejudiced. The claim of plaintiff to the insurance money arose out of the transaction which was the basis of judgment for $2,109.90, and was heard by the judge who had rendered the decrees in the main action.

The deed which was the subject of the action prosecuted to final judgment by plaintiff covered property in San Francisco. On January 5, 1917, when this deed was executed, and as part of the same transaction to secure payment of $5,000 then advanced by Charles Cohn, plaintiff also executed to him a deed of a parcel of real property in Sonoma County, and she and her husband, Newton Cohn, assigned to him the two insurance policies on the life of the husband. We are of the view that the rights of plaintiff Irene Cohn and her husband to the real property and insurance policies should have been litigated in a single action, and that plaintiff Irene Cohn may avoid the consequences of splitting a single cause of action only because defendant executor, by failure to object to the splitting of the cause, must be deemed to have waived it. It cannot be said that by the motion for satisfaction of judgment in the deed action, plaintiff brought the claim upon the insurance policies into the original action. Said motion was made after final judgment in the deed action, and, as pointed out above, the hearing had thereon was in effect the trial of a separate proceeding.

In *Wadleigh* v. *Phelps,* 149 Cal. 627, 634 [87 Pac. 93], it was held that where two separate parcels of land owned by different persons are transferred at the same time by deeds absolute intended as a mortgage to secure a single debt, the right of the grantors to establish that the deeds were intended to be a mortgage and to obtain a reconveyance upon payment of the balance due, constitutes a single cause of action. In the deed action brought by plaintiff herein the court found that the San Francisco real property was her separate property. If the insurance policies were community property during the marriage, the husband was a necessary party to an action to establish that the absolute assignment thereof was made by way of security and to obtain a reassignment. (*Cutting* v. *Bryan,* 206 Cal. 254, 258 [274 Pac. 326]; *Johnson* v. *National Surety Co.,* 118

Cal. App. 227 [5 Pac. (2d) 39]; *Sternes* v. *Sutter Butte Canal Co.*, 99 Cal. App. 465 [278 Pac. 921]; *Chance* v. *Kobsted*, 66 Cal. App. 434 [226 Pac. 632]; *Caputo* v. *Fusco*, 54 Cal. App. 191 [201 Pac. 604]; 1930 Supp. Cal. Jur., p. 112; Ten-year Supp. Cal. Jur., vol. 3, p. 612.) But under the decision in *Wadleigh* v. *Phelps*, there is a single cause of action although different persons own and are entitled to a reconveyance of portions of the property transferred as security. If one of the grantors refuses to join as a party plaintiff in the action to establish the security character of the transaction, he may be joined as a defendant. (See, also, Pomeroy's Code Remedies, 4th ed., p. 246].)

▇ Nor were there two causes of action because a part of the security was personal property and a part real property. The venue of such an action relating to both realty and personalty is in the county of residence of the defendant. It is only where a cause of action relates exclusively to real property that the defendant cannot compel a transfer to the county of his residence. (*Sheeley* v. *Jones*, 192 Cal. 256 [219 Pac. 744]; *Smith* v. *Smith*, 88 Cal. 572 [26 Pac. 356]; *Le Breton* v. *Superior Court*, 66 Cal. 27 [4 Pac. 777].)

▇ The failure to litigate the right to the insurance policies in the deed action was not excused because at that time Newton Cohn, on whose life the policies were issued, was alive, and the policies had not become payable. Insurance policies constitute a valuable asset during the life of the husband, in view of the surrender value, conversion privileges and other rights pertaining to them. The fact that a portion of the property involved in a single cause of action may be of little immediate value does not authorize splitting a single cause of action, and a subsequent action when such property becomes more valuable.

But, as noted above, if the defendant does not urge that a single cause of action has been split, he waives the objection. (*United Bank & Trust Co.* v. *Hunt*, 1 Cal. (2d) 340 [34 Pac. (2d) 1001]; 1 Cal. Jur. 369, 370; 1 R. C. L. 342.) Such a waiver appears in the instant proceeding. In the counteraffidavit filed by the defendant executor he alleged on information and belief that the policies were assigned absolutely and not as collateral. He further contended that any claim of plaintiff to the insurance proceeds was barred by the long delay of plaintiff in instituting ac-

tion. The affidavit contains this statement: "Affiant further states that no action of any character has been brought by anyone to declare the assignment of said insurance policies to be one by way of security, and that if the plaintiff ever had a claim to the same said claim is now barred." In view of the context of the affidavit, said statement can be interpreted only as referring to a bar by reason of the statute of limitations or laches, and not to a bar arising from splitting a single cause of action, to which the affidavit makes no reference. In his opening statement also, the attorney for the executor stated that the opposition to plaintiff's motion was twofold: first, that the claim to the insurance money should not be determined on motion, but defendant was entitled to a separate trial; and second, that the right to sue for the moneys was barred by the statute of limitations. In the "Statement of Questions Involved" in appellant's brief filed in this court the same contentions, and only these, are made. Neither in the trial court nor on appeal has appellant objected to the splitting of a single cause. He must be deemed to have waived his right to object on that ground.

■ There remains to be considered only the claim of defendant executor that any proceeding either by the husband or wife to establish rights in the insurance had become barred by the statute of limitations and laches. Defendant executor relies on the general rule as to voluntary trusts that the statute of limitations commences to run against a trustee in possession on a repudiation of the trust by him. (*Leviston* v. *Tonningsen*, 212 Cal. 656, 664 [299 Pac. 724] ; *Lamb* v. *Lamb*, 171 Cal. 577, 581 [153 Pac. 913] ; *Arnold* v. *Loomis*, 170 Cal. 95 [148 Pac. 518] ; *Odell* v. *Moss*, 130 Cal. 352, 353, 358 [62 Pac. 555] ; 25 Cal. Jur. 271.) In the absence of a repudiation by the transferee in possession under an absolute transfer intended for security purposes, the statute does not commence to run against the right to redeem the property. (*Wadleigh* v. *Phelps*, 149 Cal. 627, 640 [87 Pac. 93] ; *Caro* v. *Wollenberg*, 68 Or. 420 [136 Pac. 866].)

■ The assignment of the insurance policies was executed in 1917. On the hearing of the proceeding with regard to the insurance money, defendant executor sought to establish a repudiation by Charles Cohn in 1921. Plain-

tiff testified that in 1921, in response to her request, Charles Cohn said that he thought the rents collected by him had been just about sufficient to discharge the debt, and that he would look the matter over and give her an accounting. His failure to render a statement following this conversation did not constitute a repudiation of all rights of Irene Cohn and her husband, especially in view of the fact that the rents had been insufficient to discharge the indebtedness, as indicated by the accounting before the referee in 1931.

Nor did the death of Charles Cohn in 1926 set the statute in motion. It has been held that on the death of the person who holds the legal title to property for another the statute will commence to run immediately. The basis of this rule is that on the death of the holder of the legal title the person on whom the property descends is under an immediate obligation to transfer it to those who are entitled to it equitably. (*Norton* v. *Bassett,* 154 Cal. 411, 415 [97 Pac. 894, 129 Am. St. Rep. 162] ; *Barritt* v. *Barritt,* 132 Cal. App. 538 [23 Pac. (2d) 54] ; 25 Cal. Jur. 277; but see *Mix* v. *Yoakum,* 200 Cal. 681 [254 Pac. 557].) But where the decedent held legal title as security and the debt remained unpaid at his death, there is no immediate duty to transfer the property, and in such cases the statute is not set in motion by the death of the holder of the legal title.

The deed action was commenced in January, 1927, after the attorney for the executors in the fall of 1926 had told plaintiff that there were eight heirs and he could not present the case to each one; that he did not have any authority to make any decision in the matter; that she might be entitled to the property, but would have to go to court to have her rights declared. The remarks of said attorney in 1926 did not constitute a repudiation which would set the statute running. It was not shown that he had authority either from the personal representatives of the estate or heirs to repudiate plaintiff's claims, and, further, his statement that she might be entitled to the property negatives a repudiation which would set the statute in motion.

Perhaps it may be said that by defending the deed action in 1927 the executors gave notice that they repudiated all claims of Irene Cohn, or her husband, Newton Cohn, in the insurance policies, as well as in the land, since the real

property and insurance were transferred to Charles Cohn as part of a single transaction. But whether the statute of limitations on the claim to the insurance policies or their proceeds was four years (section 343, Code Civ. Proc.; *Cortelyou* v. *Imperial Land Co.*, 166 Cal. 14, 20 [134 Pac. 981]; 25 Cal. Jur. 270), or three years, on the theory that the action was one to recover specific personal property under subdivision 3, section 338 of the Code of Civil Procedure, before the period had run the trial court, in October, 1927, had decreed that the deed was a mortgage, and the appellate court, on September 25, 1929, had affirmed this decree. In said action the personal representatives of the estate of Charles Cohn denied Irene Cohn's rights only on information and belief. After the trial court and appellate court had accepted plaintiff Irene Cohn's version of the transaction of January 5, 1917—that it was a security transaction, rather than an absolute transfer—plaintiff was not required to anticipate as to another part of the property involved in the single transaction, that is, the insurance, that the representatives of the estate of Charles Cohn would continue to maintain that the transaction was one of absolute transfer. If they desired to assume such a position they should have given express notice to that effect to start the statute running again. Their silence constituted a recognition as to all property involved in the single transaction that they held for security purposes only. In the absence of a fresh repudiation, this acquiescence nullified any repudiation previously made. The date when the executors, or surviving executor, subsequently repudiated the claim to the insurance does not appear, and hence it cannot be said that the statute of limitations has run on such claim. Nor can it be held that plaintiff is barred by laches, based on delay for less than the statutory period. It is not shown that the estate of Charles Cohn has been prejudiced by the failure of plaintiff to assert her claim to the insurance at an earlier date. (*Burns* v. *Ross*, 190 Cal. 269, 278 [212 Pac. 17]; *MacMullan* v. *Kelly*, 19 Cal. App. 700, 710 [127 Pac. 819]; *Newport* v. *Hatton*, 195 Cal. 132, 148 [231 Pac. 987]; 25 Cal. Jur. 264.)

Plaintiff waived any right to the excess of insurance proceeds above the amount which would satisfy the judgment for $2,109.90. Appellant makes no claim that the excess

is insufficient to make reimbursement of the amounts expended by Charles Cohn or the executors of his will for premiums and any costs to which appellants may be entitled as a result of modification of the judgment reviewed in *Cohn* v. *Cohn,* 1 Cal. (2d) 313 [34 Pac. (2d) 1000].

The decree appealed from is affirmed.

Thompson, J., Curtis, J., Langdon, J., Shenk, J., and Waste, C. J., concurred.