[L. A. No. 17584.   In Bank.—November 26, 1940.]

ROBBINS INVESTMENT CO., INC. (a Corporation), Appellant, v. ANNANDALE INCORPORATED (a Corporation) et al., Respondents.

Neil S. McCarthy, Earl L. Banta, Howard P. Hall and F. W. Peck for Appellant.

M. J. Rankin and Milo V. Olson for Respondents.

EDMONDS, J.—The respondent, Annandale Incorporated, has moved to dismiss the plaintiff's appeal from the judg-

ment rendered in an action to quiet title, upon the ground that the issues have become moot and that the corporation waived the right to continue the prosecution of its appeal by accepting benefits under the judgment.

The controversy concerns title to certain real property which in 1932 was acquired by A. C. Robbins and Anne Fulton Robbins, his wife, as joint tenants. In 1935, judgment was rendered against Mr. Robbins for some $22,000, and two years later he and his wife conveyed the property to Robbins Investment Co., Inc., the plaintiff corporation. Subsequently, the defendant corporation, who had become the assignee of the unsatisfied judgment, levied execution upon this property, and at an execution sale purchased all of the interest of A. C. Robbins therein.

Robbins Investment Co., Inc., then sued to quiet title. The defendant corporation not only denied the plaintiff's allegations, but by a cross-complaint alleged that it is the owner of the property. Upon these issues, the trial court adjudged that the defendant is the owner of an undivided one-half interest in the land, subject to the statutory right of redemption from the execution sale, and that the other one-half interest is owned by the plaintiff.

In an affidavit submitted in opposition to the defendant's motion to dismiss, its counsel states that after the entry of the judgment, the plaintiff attempted to secure an agreement that the period of redemption be extended until its appeal was determined. As a part of the proposed agreement, the plaintiff offered to place the amount required for redemption in escrow, under instructions that payment should abide the final judgment. The defendant declined to enter into any agreement whatever and the plaintiff then notified the defendant in writing that it would redeem the property. Its letter reads: ''This redemption is made under protest and only by reason of the fact that unless the same is made before the expiration of the period of redemption, Robbins Investment Co., Inc., may lose property of a value greatly in excess of the amount required to redeem the same.''

On the same day that this letter was written the plaintiff filed its notice of appeal. The redemption was made two days later.

The defendant contends that the plaintiff has now acquired clear title to the property by redemption made within the

statutory period. Under these circumstances, it argues, the defendant now has no interest in the undivided one-half of the property which may be determined upon the appeal, and all questions before this court have become moot. Secondly, says the defendant, the plaintiff has renounced and waived any right to continue the prosecution of an appeal for the reason that it elected to accept the benefit of a part of the judgment appealed from by exercising the right of redemption.

At the time the redemption was made, the plaintiff was faced with a requirement that it pay $22,000 before its appeal could be determined and the certainty that if it did not do so, and the judgment was affirmed, the right to redeem would then have been lost by the passage of time. This situation is substantially the same as that of the defendant in the case of *Alamitos Land Co.* v. *Shell Oil Co.*, 217 Cal. 213 [17 Pac. (2d) 998]. The judgment from which that appeal was taken provided, in part, that the defendant had forfeited its lease, but that it should be relieved of such forfeiture if it paid a stated amount prior to a certain date, which was before the judgment could be reviewed upon appeal. The defendant paid the amount in full, but upon written notice that such payment was made under protest and to prevent the forfeiture of its lease. Later it appealed and the respondent's motion to dismiss was denied upon the ground that payment of the required amount was made under such compulsion as not to bar a review of the judgment upon appeal. In reaching this conclusion the court declined to hold that by payment the defendant had accepted a benefit given by the judgment which was inconsistent with the appeal.

The decision in *Burgess* v. *California Mutual B. & L. Assn.*, 210 Cal. 180 [290 Pac. 1029], was based upon the same principle. In that case the court pointed out that where the amount of a judgment is paid in order to prevent an execution sale, the payor is not deprived of his right to appeal unless the payment was made by way of compromise or settlement or under agreement that the appeal will not be prosecuted. No such circumstances are shown in the present case.

The motion is denied.

Traynor, J., Carter, J., Gibson, C. J., Shenk, J., and Curtis, J., concurred. Houser, J., concurred in the judgment.