[Civ. No. 2616. Fourth Appellate District.—January 21, 1941.]

In the Matter of the Estate of HARVEY E. BAILEY, Sr., Deceased. DELYA LINSTRUM, Respondent, v. CLYDE E. CATE, as Executor, etc., Appellant.

J. G. Crichton and Ralph Robinson for Appellant.

Julius Hansen, Dearing & Jertberg and Kenneth G. Avery for Respondent.

BARNARD, P. J.—Harvey E. Bailey, Sr., was the owner of a parcel of real property subject to an indebtedness secured by a trust deed on which he was personally liable. He agreed, in writing, to sell the property to Delya Linstrum, agreeing to pay off this incumbrance in accordance with the terms of the trust deed and then to convey the property to

her. After his death the full amount of the incumbrance became due under the terms of the trust deed. Mrs. Linstrum, having fully performed her part of the contract, filed a petition asking that the executor of Bailey's estate be directed to pay off the trust deed and convey to her a clear title to the property in accordance with the terms of the agreement.

The executor filed an ''objection'' to the petition alleging, among other things, that the full amount of the trust deed indebtedness was not due and that no claim for the amount thereof had been presented or filed. The court found in all respects in favor of the petitioner, finding, however, that no claim for the trust deed indebtedness had been presented or filed. An order was entered directing the executor to convey the property to the petitioner free and clear of the trust deed indebtedness, from which order this appeal was taken.

The effect of the order was to require and direct the executor to pay off the trust deed incumbrance and to convey a clear title to the property to the respondent in accordance with the purchase agreement. The sole point raised on this appeal is that the court was without authority to make this order because no ''creditor's claim'' for the amount of the trust deed indebtedness had been presented or filed, and that the payment thereof was forever barred by the provisions of section 707 of the Probate Code. The appellant contends that this was a debt of the deceased arising upon contract, and that it was incumbent upon the respondent to present and file a creditor's claim as required by section 707 of the Probate Code. In support thereof cases are cited in which it has been held that contingent claims based upon contracts of indemnity or warranty come within the purview of this statute requiring the presentation and filing of a claim.

We are not here concerned with any warranty or other contract under which any money was owed to the respondent. Under the terms of the contract, by which the decedent agreed .to sell this property to the respondent, the amount of this incumbrance was not to be paid to her and the amount thereof is not a debt due to her from the estate. The decedent had agreed to convey the property to her free and clear of this incumbrance and the effect of that part of the contract giving him the right to pay off the incumbrance as the installments came due was merely to give him additional

time within which to clear his title. Under the terms of the agreement this additional time had expired and the respondent was entitled to the conveyance of the property, with a clear title. This she applied for under the provisions of section 850 of the Probate Code. The proceeding therein provided for is similar to and, in practical effect, is an action for specific performance. (*Estate of Garnier*, 147 Cal. 457 [82 Pac. 68].) Had the decedent been still alive there is no question the respondent would have been entitled to maintain such an action. An executor ought to complete a contract made by his testator. (*Estate of Fulmer*, 203 Cal. 693 [265 Pac. 920, 58 A. L. R. 430].) The amount of this incumbrance was not a debt owed to the respondent and the payment thereof was an incident to clearing the title which the decedent had agreed to convey. The respondent was in no position to file a claim therefor and even the holder of the trust deed was not required to file a claim in order to enforce his lien as against the specific property. (Sec. 716 of the Probate Code.)

In *Mix* v. *Yoakum*, 200 Cal. 681 [254 Pac. 557], the court said: "There is a clear distinction between the cause of action of one who claims specific property held and claimed by the estate adversely to the claimant and a cause of action founded upon a claim against the estate. In the one case the claimant is in no sense a creditor of the estate and in the other he occupies the position of a creditor". One who claims as his own specific property held by an estate cannot be called a creditor of the estate. (*Estate of Dutard*, 147 Cal. 253 [81 Pac. 519]; *Newport* v. *Hatton*, 195 Cal. 132 [231 Pac. 987].) In an action against the executor of an estate to recover specific real property as the owner thereof it is not necessary to file a claim. (*Cohn* v. *Cohn*, 100 Cal. App. 746 [281 Pac. 504].) In *Porter* v. *Van Denburgh*, 15 Cal. (2d) 173 [99 Pac. (2d) 265], it is held, in effect, that a claim need not be filed where the plaintiff's claim is one of ownership and not for the recovery of a part of the estate of a decedent. The proceeding here was one to obtain specific property, to which the respondent was entitled, and not one to recover on a claim against the general assets of the estate. (See also *Trower* v. *Young*, 40 Cal. App. (2d) 539 [105 Pac. (2d) 160].)

We conclude, therefore, that the respondent was not a creditor or a claimant within the meaning and effect of section 707

of the Probate Code, that the requirements of that section had no application here, and that under the provisions of section 850 of that code the court was authorized and empowered to make the order and decree here appealed from.

No error being brought to our attention, the order is affirmed, the respondent to recover her costs on this appeal.

Marks, J., and Griffin, J., concurred.