RAFAEL COLÓN ET AL., Plaintiffs and Appellants, v. ROTARY CLUB OF ARECIBO, Defendant and Appellee.

No. 9333.   Argued May 23, 1946.—Decided June 14, 1946.

Luis Mercader and F. M. Susoni, Jr., for appellants.   Simón Largé and Nicolás Lecároz for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The lower court rendered judgment for the plaintiffs in an action for accession.   It held that the plaintiffs were entitled to recover the possession of the building raised by the defendant on plaintiffs' land, after paying the amount of $6,500 less $1,200, which amount had to be deducted for use of the land until January 23, 1946.   From this amount plaintiffs should deduct in turn the amount of certain checks which they had received from the defendant.   It also provided that payment had to be made and the building delivered within the term of ten days after the judgment became unappealable.

Feeling aggrieved by the judgment as to the amount that they had to pay and receive from the defendant, plaintiffs took this appeal.

On the same day of the filing of the notice of appeal, that is, on February 12, 1946, plaintiffs deposited in the lower court the amount of $5,300 at the disposal of the defendant, and moved for the delivery of the building to them, without prejudice to the appeal taken. Defendant objected: (1) because the lower court lacked jurisdiction to enter the order sought, inasmuch as an appeal had been taken; (2) because under the terms of the judgment, the same had to be satisfied within the term of ten days after it became unappealable; and (3) because apart from the foregoing reasons, the plaintiffs, upon depositing the amount of $5,300, failed to deposit the checks paid by defendant referred to in the judgment.

After a hearing was held, and plaintiffs' attorney having stated that they were willing to deposit any additional amount which under the judgment they ought to pay to the defendant, the court granted the motion and ordered the delivery of the building after plaintiffs paid the amounts awarded in the judgment. Defendant did not appeal from this order entered after the judgment, but on the contrary filed a motion stating that it was willing, in compliance with the order, to deliver the building to the plaintiffs within the term fixed by the court, provided that plaintiffs be directed to pay to the defendant the amount of $5,300, as was ordered in the judgment, and to return to the defendant the eight checks for $30 each which had been issued by the latter in favor of the plaintiffs and which the judgment awarded to defendants. Defendant likewise stated in its motion that plaintiffs consented to its petition without prejudice to their right of appeal. The defendant moved that the clerk be ordered to deliver to it said amount and the checks, all of which had been previously deposited by the plaintiffs. With the latter's consent, the court

entered the order sought and the defendant delivered the building and received in turn the amount ordered by the judgment.

Thereafter the defendant moved this court for the dismissal of plaintiffs' appeal on the ground that it is frivolous and has turned academic, inasmuch as the judgment had already been satisfied. Appellants opposed the dismissal and alleged that the purpose of the appeal is to determine whether or not the trial court erred in granting to the defendant the amount awarded in the judgment and that the appeal is not academic inasmuch as if this court should decide that the lower court erred in awarding defendant an amount greater than that to which it was entitled, plaintiffs could recover from the latter the amount paid in excess.

The order of the court granting plaintiffs' motion as to the execution of the judgment is not before us, since defendant took no appeal therefrom. Therefore, the precise question is whether the payment of the judgment at the instance of the plaintiffs, under the foregoing conditions, amounts to a waiver of the appeal.

It is a well-settled rule that the voluntary payment of a judgment amounts to a waiver of the right of appeal. *Alamitos Land Co.* v. *Shell Oil Co.*, 17 P. (2d) 998 (Cal. 1933); *Everts* v. *Matteson*, 115 P. (2d) 207 (Cal. 1941); and *Muckey* v. *Baehr*, 145 P. (2d) 164 (Kan. 1944). And in this jurisdiction, where under § 298 of the Code of Civil Procedure an appeal stays the execution of a judgment except in certain cases enumerated in said Section, the payment of the judgment is, as a general rule, voluntary. It is true that in the aforesaid motion of February 12 the appellants set forth the condition that they paid the judgment without prejudice to their right of appeal, but this condition did not make the payment compulsory for there is nothing in this case which forced the payment pending the appeal. *Alamitos Land Co.* v. *Shell Oil Co., supra.* Once the notice of appeal is filed appellants

could not be compelled to pay the judgment unless the appeal were dismissed or otherwise disposed of.

The case of *Cosme* v. *Márquez*, 49 P.R.R. 764 is not in point. There the judgment was divisible. An appeal was taken from part of the judgment and an execution obtained of the portion not appealed from which could not be affected by the appeal.

Appellee's motion is granted and the appeal dismissed.